therein recited, or that the proceedings recited as having been taken are regular and valid, and the defects in the assessment rolls or notices dehors the record, the certificate, not appearing on its face to be invalid, constitutes a cloud on title, and an action in equity to remove such cloud by the cancellation of the certificate can be maintained. In this case, however, the defendant does not establish a prima facie case by introducing the certificate. The village law does not provide that the certificate shall be even presumptive evidence of the regularity or validity of the proceedings upon which it issued. The right obtained is possession of the premises against which the tax was levied for the number of years as stated, and is to be enforced by summary proceedings. Sections 122, 123, Village Law.

Section 2235 of the Code of Civil Procedure provides that the petition in summary proceedings must state the facts which authorize the application; and section 2244 provides that the answer may deny the allegations of the petition, and set up any new matter constituting a legal or equitable defense. In summary proceedings instituted by the defendant under its certificate, it would be necessary for it to allege the facts showing its right to possession. The plaintiff could answer by alleging the invalidity of the taxes and sale, because the property was not properly described in the assessment rolls or notice of sale under which the certificate issued. It would be incumbent upon the defendant to establish that the premises described in its certificate were the identical premises upon which the taxes were levied and of which notice of sale was given. Such proof could only be made by the assessment rolls and notice, which show the invalidity of the assessments, and this presents a fatal objection to this action.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.

---

EDWARDS v. NEW JERSEY & H. R. RY. & FERRY CO.

(Supreme Court, Appellate Division, First Department. May 19, 1911.)

1. CARRIERS (§ 347*)—PASSENGERS—CONTRIBUTORY NEGLIGENCE.

It is not contributory negligence as a matter of law for a passenger to ride on the running board of an open trolley car.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1379; Dec. Dig. § 347.*]

2. CARRIERS (§ 295*)—CARRIAGE OF PASSENGERS—NEGLIGENCE—EVIDENCE.

A passenger on a crowded open trolley car stood on the running board, instead of occupying an uncomfortable position between the seats. The conductor, on approaching a trestle, warned him of the danger thereof, and he stepped inside. After the car passed the trestle, he stepped onto the running board again, with the knowledge of the conductor, and he was injured by being struck by a girder of a bridge, of which the conductor gave no warning. Held, that the conductor was negligent in failing to repeat the warning to the passenger.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1199; Dec. Dig. § 295.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CARRIERS (§ 347*)—INJURIES TO PASSENGERS—CONTRIBUTORY· NEGLIGENCE.
   The failure of the passenger to observe the bridge girder in time to avoid injury was not negligence as a matter of law.
   [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 347.*]

4. CARRIERS (§ 347*)—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE.
   Since the street car company must be deemed to· have assented to the passenger resuming his place on the running board, it could not be said as a matter of law that in doing so he assumed any risk, except of known dangers and of the ordinary motion of the car.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1379; Dec. Dig. § 347.*]

   Ingraham, P. J., and Dowling, J., dissenting.

Action by Dean G. Edwards against the New Jersey & Hudson River· Railway & Ferry Company. Heard on motion by plaintiff for a new trial on exceptions to the dismissal of the complaint. Ordered to be heard by the Appellate Division in the first instance. Exceptions sustained, and motion for new trial granted.

See, also, 136 App. Div. 931, 120 N. Y. Supp. 1122.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Burt L. Rich, for plaintiff.
C. E. Thornall, for defendant.

MILLER, J. [1] It is not contributory negligence as matter of law for a passenger to ride on the running board of an open trolley car. Kramer v. Brooklyn Heights R. R. Co., 190 N. Y. 310, 83 N. E. 35.

[2] The plaintiff had been warned by the conductor on approaching the first trestle, and that warning, aside from the general duty of the defendant to give warning of unknown dangers, may have been considered by him as an assurance of safety. The conductor knew that the plaintiff and others had stepped down on the running board after passing the first trestle. The defendant's evidence tends to show that the conductor gave warning of the approach to the bridge where the accident happened, but that evidence was disputed, and presented a question of fact for the jury. If that question were resolved in the plaintiff's favor, it would be at least a question of fact whether, considering the speed of the car, its swaying motion, and the short distance between the running board and the bridge girder, the conductor was negligent in not repeating the warning.

[3] If a passenger, permitted to ride on a running board, has a right to rely upon being warned of an unknown danger, and if the· first warning given was any assurance that it would be repeated in the case of a like danger, the plaintiff's failure to observe the girder in time to avoid being hit was not negligence as matter of law.

[4] The plaintiff had the choice of riding on the running board,. or in a cramped and uncomfortable position between the seats. He testified that the car was so crowded that people were sitting on the edges of the seats with their knees against the backs of the seats in front, and that, because of that fact, he was unable to get a good

*For other cases see same topic & § NUMBER in Dec. & Am. Digs 1907 to date; & Rep'r Indexes-,

foothold at the place where he stepped up into the car. Of course, if he had gained a position of safety, and then had voluntarily abandoned it for a place of danger, a different question might arise; but, upon his evidence, the defendant must be deemed to have assented to his resuming his place on the running board, and it cannot be said as matter of law that in doing that he assumed any risk, except of known dangers, and of the ordinary motion of the car.

The exceptions should be sustained, and the motion for a new trial granted, with costs to plaintiff to abide the event.

CLARKE and SCOTT, JJ., concur.

INGRAHAM, P. J. (dissenting). I think the plaintiff was guilty of contributory negligence which justified the court in dismissing the complaint.

The plaintiff boarded a car at the village of Hackensack, in the state of New Jersey. The car was an open car with a running board upon the side by which passengers reached the seats in the middle of the car. The seats were all occupied when the plaintiff boarded the car, and there were some persons standing between the seats in the car. Plaintiff and several others stood upon this running board, and, as the car proceeded, the conductor came along the running board, and told those standing on it to step inside, as the car was approaching a trestle. Those upon the running board obeyed this direction, and stepped inside the car. The car passed the trestle in safety, when the plaintiff and others again stepped out from the interior of the car upon the running board. Plaintiff testified that after assuming his place upon the running board, he stood with his back to the car, when he was struck in passing over another trestle and injured.

Plaintiff's companion, who was called as a witness for him, testified that he also stepped into the car when warned by the conductor, and, after the car passed the trestle, resumed his place upon the running board; that he saw the second bridge, and saw the girder which struck the plaintiff; that he saw it when the car was 25 or 30 feet away, and again stepped into the car; that he felt an apprehension of danger and called out to the plaintiff, "Look out, Dean," but either the plaintiff did not hear, or there was no time to warn him again, and the plaintiff was struck by this girder.

Assuming that it was not negligence as a matter of law for the plaintiff to stand on the running board under the circumstances, I think that after he was warned of the danger of standing there, and requested to step inside, it was contributory negligence as a matter of law to resume his place upon the running board and to stand there with his back to the car without looking for other obstructions or paying any attention to his own safety. This was not a car running in a city street, but in a country district. The fact that he stepped into the car to a place of safety when he was warned by the conductor, and that other passengers could find room inside of the car, was evidence that there was room for the plaintiff to ride in the car, and that, when he took his place upon the running board after this warning, he was certainly bound to exercise some care in watching for other obstruc-

tions which would render his position on the running board unsafe. The evidence clearly shows that, if he had looked ahead of the car, he would have had no difficulty in seeing that it was approaching another trestle or bridge. His companion looked, saw the danger, and avoided it; and I do not think it can be said that after the warning he received it was a prudent thing for the plaintiff to resume his place on this running board without taking some means to ascertain whether there were other trestles or bridges that would make his position a dangerous one. Both the plaintiff and his friend testified that they did not hear the conductor give another warning, although there is testimony in the case that the conductor did warn those standing on the running board of the second trestle; and the mere fact that the plaintiff and his companion did not hear the warning which other credible witnesses heard, and acted upon, was not very · satisfactory evidence that such warning was not given. But the plaintiff, after being warned of the dangerous position in which he stood, voluntarily placed himself again in a position of danger, and took no care to observe whether or not he was approaching an obstacle which would expose him to injury if he remained upon the running board or extended any part of his person beyond it, and his conduct in this respect was such a lack of care as to preclude a recovery.

I therefore think the exceptions should be overruled, and the motion for a new trial denied.

DOWLING, J., concurs.