**DUNLEVIE v. DRONEY.** (Supreme Court, Appellate Division, Fourth Department. March 6, 1912.) Action by Ernest V. Dunlevie against John R. Droney.

PER CURIAM. Judgment and order affirmed, without costs.

SPRING, J., dissents upon the ground that, if the plaintiff is entitled to recover at all, he should recover for all the timber on the tract, which, so far as appears, would naturally have been delivered to the river on the way to market.

---

**DUNN, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent.** (Supreme Court, Appellate Division, Fourth Department. March 13, 1912.) Action by Elizabeth F. Dunn, as administratrix, etc., against the New York Central & Hudson River Railroad Company.

PER CURIAM. Judgment affirmed, with costs. See, also, 133 N. Y. Supp. 1119.

KRUSE, J., dissents, upon the ground that in view of the defendant's rules and orders and the signals given, and the unfamiliarity of the deceased with the road and conditions at the place of the accident, the question of contributory negligence, as well as that of the defendant's negligence, was for the jury.

---

**EDWARDS v. EDWARDS.** (Supreme Court, Appellate Division, First Department. March 29, 1912.) Action by Thomas J. Edwards against Flora E. Edwards. No opinion. Motion granted, without costs. Order filed.

---

**EDWARDS, Respondent, v. NEW JERSEY & H. R. RY. CO., Appellant.** (Supreme Court, Appellate Division, First Department. April 4, 1912.) Action by Dean G. Edwards against the New Jersey & Hudson River Railway Company. C. E. Thornall, for appellant. B. L. Rich, for respondent. No opinion. Judgment and order affirmed, with costs, on 144 App. Div. 554, 129 N. Y. Supp. 717. Order filed.

INGRAHAM, P. J., and DOWLING, J., dissent, on former dissenting opinion.

---

**ELINE, Respondent, v. ELINE, Appellant.** (Supreme Court, Appellate Division, First Department. March 22, 1912.) Action by May Eline against Charles Eline. D. C. Myers, for appellant. J. V. Rooney, for respondent. No opinion. Judgment affirmed, with costs. Order filed. See, also, 132 N. Y. Supp. 1127.

---

**EQUITABLE TRUST CO. OF NEW YORK v. ARPEN.** (Supreme Court, Appellate Term. April 17, 1912.) Appeal from Municipal Court, Borough of Manhattan, Fifth District. Action by the Equitable Trust Company of New York against Diedrich Arpen. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered. McLear & McLear, of New York City (Herbert G. McLear, of counsel), for appellant. Mary Coleman, of New York City, for respondent.

GUY, J. This is an appeal by the plaintiff from a judgment rendered in the Municipal Court, dismissing the complaint. The action is brought to recover upon a note in the following form: "New York, June 13, 1905. Mr. Archibald C. Haynes, 25 Broad Street, N. Y.—Dear Sir: I hereby acknowledge having received from Mr. C. F. Hartley, L. A. Carey policy No. 1451433, being for $1000.00, on my life in the Equitable Life Assurance Society. You are authorized and requested to pay the amount of the first premium for me upon said policy in order to place the same in force from this date, and I promise to pay to you or to your order the amount so advanced, to wit, $25.75, as follows: July 13, '05, $12.88 Oct. 13, '05, $12.87 —$25.75. And I hereby acknowledge and declare that this premium, with interest in advance on all deferred payments, has been settled in full, in conformity with, and in no way contrary to, the laws of the state of New York, and that there is no written or verbal agreement of any kind to release me from the above obligation, or any part thereof. Very truly yours, Diedrich Arpen." The answer consists of a general denial, and for a separate defense alleges "that, if plaintiff holds any written instruments alleged to be signed by the defendant, the same were procured through fraud and misrepresentation of the agent of the plaintiff herein." The execution of the instrument was duly proved, and its transfer for value before maturity. The defendant testified that he remembered the execution of the note and the transaction as it occurred at that time, but testified that such note was not to be used until a certain application for insurance had been passed upon by a physician. It appears from the evidence that the agent of the Equitable Life Assurance Society called upon the defendant, and, after some negotiations with him concerning life insurance, the defendant signed an application and the note, which was in payment of the first installment of premium. There is an attempted defense of alleged fraud; but this defense is in no way borne out by the defendant's testimony, or any credible evidence in the case. The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

**EXCELSIOR SAVINGS BANK OF CITY OF NEW YORK v. RAMILENA REALTY CO. et al.** (Supreme Court, Appellate Division, First Department. April 12, 1912.) Action by the Excelsior Savings Bank of the City of New York against the Ramilena Realty Company, impleaded with others. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed.