JOHN W. KINNEY, Plaintiff, *v.* HUDSON RIVER RAILROAD COMPANY, Defendant.

(Supreme Court, Erie Special Term, December, 1916.)

Actions — for personal injuries — Statute of Limitations — Federal Employers' Liability Act — Employers' Liability Act of State of New York — negligence — damages — verdict — appeal.

> The Federal Employers' Liability Act does not create a new or different cause of action for personal injuries to an employee but simply abolishes the fellow servant rule and modifies the common law as to contributory negligence and in other matters. The right of action as it existed at common law is not affected by said statute.
>
> The two-year limitation was not put into said statute for the purpose of limiting the right to sue on the cause of action itself but simply for the purpose of limiting the time within which, after an injury, an employee injured in interstate commerce could take advantage of the provisions of said statute

by bringing his action thereunder by allegation and proof that both he and his employer were engaged in interstate commerce at the time of the injury.

In June, 1909, plaintiff brought an action in due time under the Employers' Liability Act of the state of New York to recover for personal injuries sustained by him in the month of October, 1908, while in the employ of defendant as a locomotive engineer. The Federal Employers' Liability Act became a law in April, 1908. Through no fault of plaintiff three verdicts in his favor were set aside without a decision anywhere conflicting with his ultimate right to recover and the judgment entered on the last verdict was reversed by the Court of Appeals and a new trial ordered in an opinion sustaining plaintiff's contention as to negligence and contributory negligence and basing the reversal on an error of the trial court in passing upon a request to charge made by defendant. **Held**, that a motion thereafter made for leave to serve an amended complaint setting up that at the time of the accident he was engaged in interstate commerce and increasing his demand for damages from $30,000 to $50,000 should be granted, the date of issue to remain unchanged.

MOTION by plaintiff for leave to serve an amended complaint.

Hamilton Ward, for motion.

Thomas D. Powell, opposed.

BISSELL, J. The plaintiff moves for permission to serve an amended complaint setting up the fact that he was engaged in interstate commerce at the time of his accident and increasing the amount of damages demanded from $30,000 to $50,000.

The action has been tried three times, and three several juries have rendered verdicts in favor of the plaintiff. On the 29th day of February, 1916, a decision was rendered by the Court of Appeals,

reversing the last judgment, and directing that another trial be had. *Kinney* v. *N. Y. C. & H. R. R. R. Co.*, 217 N. Y. 325.

The action was brought on the 30th day of June, 1909, under the Employers' Liability Act of the state of New York to recover damages for injuries sustained by plaintiff on the 12th day of October, 1908, while he was in the employ of the defendant as a locomotive engineer. The act of congress known as the Federal Employers' Liability Act became a law on the 22d day of April, 1908; and if the defendant were at the time of the accident engaged in interstate commerce, and the plaintiff employed therein, the Federal Employers Liability Act would apply to the action.

The question presented is whether the amendment asked for can be granted in an action which has been brought in the state court within two years after the cause of action accrued — with no allegations in the complaint of interstate commerce or employment, and no reference to the Federal Employers' Liability Act — after the expiration of two years from the time of the accrual of the action. It turns on the point whether a new cause of action has been created by the enactment of the federal act. If such new cause of action has been created as claimed by the defendant the granting of the suggested amendment to the complaint at this time would lead to a violation of section 6 of the Federal Employers' Liability Act, which provides: " That no action shall be maintained under this act unless commenced within two years from the date the cause of action accrued."

The defendant urges that the motion should be denied on the ground that the plaintiff has been guilty of gross *laches* in moving for the amendment. It is true that the case has been at issue for more than seven years, that the plaintiff has had three trials, and

that during all this time the federal statute has been in existence, and no attempt has been made by plaintiff to amend his complaint in the respect now asked for. It appears, however, that, while the Federal Employers' Liability Act was adopted a short time before the commencement of this action, the application of the statute was not understood by the profession generally until developed by various decisions of the court. It was unsettled until comparatively recently what is and what is not interstate commerce. *Van Brimmer* v. *Texas & Pacific R. Co.*, 190 Fed. Rep. 394, and similar cases, seem to hold that the plaintiff in an action like the one at bar was not engaged in interstate commerce, and only recently these cases have been overruled so that it now appears that the plaintiff was engaged in interstate commerce at the time of his accident. *N. Y. C. & H. R. R. R. Co.* v. *Carr*, 238 U. S. 260.

It also appears that through no fault of the plaintiff the three verdicts rendered in his favor have been set aside, and without a decision anywhere conflicting with the plaintiff's ultimate right to recover; that when the case was tried the first time it was the law that a head-end brakeman giving signals was a vice-principal; that shortly after the rendition of the first verdict the Court of Appeals reversed the Appellate Division on this subject, and held that a head-end brakeman was not a vice-principal; that this decision required the trial justice to grant a new trial, and thereafter a second trial was had and a second verdict rendered, which was appealed from and reversed as against the weight of the evidence, in accordance with the decision in *Dunn* v. *New York Central & H. R. R. R. Co.*, 149 App. Div. 932, which held that an engineer under similar circumstances was guilty of contributory negligence; that the third trial was then had, and in the meantime

the *Dunn* case was reversed by the Court of Appeals (208 N. Y. 344), and under that decision the third verdict was affirmed in the Appellate Division; and that the last verdict was reversed by the Court of Appeals and a new trial granted in an opinion sustaining the plaintiff's contention as to negligence and freedom from contributory negligence, and basing the reversal solely on an error made by the trial court in passing on a request to charge made by the defendant.

I am, therefore, of the opinion that this motion should not be denied on the ground of *laches* in making it.

The determination of the question involved leads to the inquiry, does this action, in which the complaint alleges facts claiming to show the negligence of the employer and freedom from contributory negligence of the employee, fall exclusively under the common law or the common law as extended by the State Employers' Liability Act under which the action was brought and tried, or does it also fall under the Federal Employers' Liability Act, upon the theory that a single basic cause of action is set forth in the complaint which would render the defendant liable to the injured employee, if the evidence shows that the plaintiff was engaged in interstate commerce. In *Payne* v. *New York, Susquehanna & W. R. R. Co.*, 201 N. Y. 436, this inquiry — Judge Werner writing the opinion of the court — was answered by stating the conclusion " that such a complaint pleads but a single cause of action, although it may specify different acts of negligence, some of which create a liability only under the common law and the others of which create a liability only under the statute."

In *Arcado* v. *New York Contracting & Trucking Co.*, 116 App. Div. 793, Mr. Justice Woodward, in reversing an order requiring the plaintiff to serve

an amended complaint separately stating facts constituting liability under the common law and under the statute, said: "The plaintiff set forth an action, based upon the defendants' negligence, alleging various grounds of negligence, including common-law grounds and those arising under the Employers' Liability Act * * * The plaintiff clearly has but one cause of action, and that is for the damages he has sustained through the actionable negligence of the defendants, if such negligence exists; whether the facts bring his case within the Employers' Liability Act or whether he must rely upon his common-law rights, must depend upon the evidence which he is able to produce upon the trial, and we can see no good reason for a refinement of the pleadings such as is directed by the order appealed from. If the plaintiff establishes his cause of action under the Employers' Liability Act, the common-law allegations are mere surplusage, just as a portion of them would be if various common-law grounds were asserted and only one of them proved." These decisions were rendered in proceedings relating to questions of pleading and clearly lay down the doctrine that in a complaint in an action to recover damages for personal injuries claimed to have been caused by the negligence of the defendant the plaintiff may allege in a single cause of action all the facts which he claims contributed to or caused the accident, and where in such an action the complaint sets forth facts which would render a defendant liable to an injured employee under the common law, and also under a state employers' liability statute, as well as a federal statute to the like effect, there is but a single cause of action stated although based on several grounds of liability.

The Federal Employers' Liability Act provides for the liability of carriers by railroads engaged in inter-

state commerce: " for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment."

The object of the act was not to create a new cause of action but rather to abolish the fellow servant doctrine, modify the doctrines of assumed risk and contributory negligence, and to render void contracts forced upon employees by employers relieving the latter from liability for negligence.

The State Employers' Liability Act and the Federal Employers' Liability Act operate practically in the same way, and are to the same effect, on the subject of the creation of a new cause of action. This point has been expressly settled by the federal courts, first in *Smith* v. *Atlantic Coast Line R. R. Co.*, 210 Fed. Rep. 761, where an action was brought under the comman law right in the federal court, and no allegations as to the federal court or as to interstate commerce were made in the original complaint. While the action was brought under the common law within the two-year limit, still after the expiration of the two-year limit an application was made to amend the complaint alleging the facts necessary to bring the action within the operation of the Federal Employers' Liability Act and the application was granted, the court holding that such an amendment does not introduce a new cause of action but only affects the defenses which may be made. " The facts upon which plaintiff's cause of action were based were set out in the original complaint, the amendment simply alleging the interstate character of defendant's business and of the train upon which he was employed when he sustained the

2

injury.   We do not deem it necessary to say more than that we concur in the reasoning and conclusion reached by the learned judge below.   The original complaint stated a cause of action.   The district court had jurisdiction by reason of the diversity of citizenship.   To this cause of action, as stated in the complaint, defendant was entitled to introduce certain affirmative defenses.   When by the amendment the fact was developed that defendant was engaged in interstate commerce, and that the injury was sustained by plaintiff while employed on an interstate train of cars, defendant, by virtue of the federal statute, was deprived of these defenses.   As said by Judge Smith ' The statute does not deal with the cause of action, so far as negligence is concerned, at all, but with the defenses that may be allowed and the measure of the recovery.'   The exception to the refusal to grant defendant's motion for an instruction that the plaintiff's cause of action was barred by the statute of limitations cannot be sustained.''   This decision has been in effect sustained by the Supreme Court of the United States.   *Kansas City Western R. Co.* v. *McAdow,* 240 U. S. 51.

In *Toledo, St. Louis & Western R. R. Co.* v. *Slavin,* 236 U. S. 454, it is held that whether the federal act is referred to or not in the complaint in an action against a railroad company for injury to an employee, and although no facts as to interstate commerce or employment are alleged, still if the evidence shows that the injuries occurred in interstate commerce, the act will be applied, and applies exclusively, and the plaintiff has a right to prove the interstate facts for the purpose of invoking a ruling of the court that the federal statute does apply exclusively.   So that in the case at bar if it be in fact a federal case the question of amendment of the pleadings becomes of little materiality except as a notice to the opposite party that the

plaintiff who is now asking leave to allege it will invoke the federal act.

In *Missouri, Kansas & Texas Railroad Co.* v. *Wulf,* 226 U. S. 570, it was held by the Supreme Court of the United States that the federal courts are presumed to be cognizant without pleading of the Federal Employers' Liability Act, and that it has the effect of superseding the state laws upon the subject. It was further held that the trial court, in the exercise of its authority, may allow an amendment for the purpose of bringing the action under the federal act, and that the allowance of such an amendment is not equivalent to the commencement of a new action *for the purpose of applying the two- year limitation prescribed by that statute.*

In the case of *St. Louis, San Francisco & Texas R. R.* v. *Seale,* 229 U. S. 156, 33 Sup. Ct. Rep. 651, the action was brought in the state courts of Texas, not under the federal act, and without allegations contained in the complaint rendering applicable that act, but defendant proved at the trial facts which did render necessary the application of the act and requested the court to apply the act, which the court refused. The Supreme Court held that this was error.

In *Seaboard Airline Railway* v. *Koennecke,* 239 U. S. 352, the action was brought in the state courts of South Carolina, not under the federal act. Application was made for an amendment for the purpose of bringing the case under the federal act, which was refused. The Supreme Court of the United States held that this was an abuse of discretion and amounted to a denial of due process of law guaranteed by the Constitution.

In *Wabash Railway Co.* v. *Hayes,* 234 U. S. 86, the action was brought in the state courts of Illinois, under the Employers' Liability Act. Allegations of the neces-

sary facts were made in the complaint, but failed of proof at the trial, wherefore, on the ground that the federal act was exclusive and of the failure of plaintiff to prove his cause of action under that statute, it was contended by the defendant that the complaint must be dismissed. But the Supreme Court of the United States held that this was not so. That after the failure to make proof of the necessary facts as to interstate commerce and employment requiring the application of the federal act, plaintiff still had and was left to his common law right of action, and could recover.

The effect of this decision is clearly that the federal act does not create a new or different cause of action, but simply abolishes the fellow servant rule and modifies the common law as to contributory negligence and in other matters. The right of action is not affected by it. Such right existed at common law. The rules as to evidence and defenses, however, are changed by the act. Nor was the two-year limitation put into the federal act for the purpose of limiting the right to sue on the cause of action itself, but simply for the purpose of limiting the time within which, after an injury, an employee injured in interstate commerce could take advantage of the provisions of the federal act by bringing his action under the provisions of that act, by alleging and proving that his employer was engaged, and he was employed at the time of the injury, in interstate commerce.

In the case at bar the action was commenced concededly within two years after it accrued. Action was, therefore, brought on the basic cause of action for negligence, and the only cause of action that the plaintiff ever had. He had then, if he has now, the right to bring the action under the federal act, that is, if the facts as to interstate commerce and employment existed. He has not lost that right here for the rea-

son that he did, in the terms of the federal act itself, commence it "within two years from the date the cause of action accrued."

The decision in *Smith* v. *Atlantic Coast Line R. R. Co.*, 210 Fed. Rep. 761, is the only one in the federal courts squarely on this question, and, if correct law, settles it. This decision seems to be not only consistent with the logic and justice of the situation but also with the principles and trend of the subsequent decisions of the Supreme Court of the United States. Of course, if the amendment introduces no new cause of action and the action originally brought was brought on the cause still presented by the amended complaint, then there can be no right to interpose the two-year limitation contained in the federal act, or any two-year limitation of the original cause of action, because the action was concededly commenced within two years after it accrued. Nor can it be contended here that the two-year limitation contained in the federal act applies under the doctrine of departure from fact to fact or from law to law. That doctrine is sometimes used as a test, not to determine the right to amend a pleading, or the application of a statute of limitation, but to determine whether a proposed amendment assumes to interpose a new cause of action or a different ground of recovery, either by abandoning one state of facts and setting up another, or by abandoning one law giving the right to recover and claiming under another. No such doctrine can be applied here as a test for determining whether a new cause of action is sought to be interposed, because the precise question as to whether the amendment here proposed constitutes a new cause of action has been settled in the negative by the decision in *Smith* v. *Atlantic Coast Line R. R. Co.*, *supra*, and inferentially by the later decisions of the

Supreme Court of the United States. Furthermore, the doctrine of departure is not applicable because the cause of action alleged in the amended complaint is precisely the same cause of action alleged in the original complaint, and is set forth in precisely the same words. Neither is the cause of action, nor the ground upon which it is sought to be based, either of fact or of law, sought to be changed. The right of action is and was a common-law right, and the facts upon which it now rests, and has always rested, is the common-law duty and obligation of the defendant to respond to plaintiff for damages caused him by its negligence. As before stated, neither the State Employers' Liability Act, which was originally pleaded, nor the Federal Employers' Liability Act now invoked, creates, or affects in any way, the original and primary cause of action. Both deal entirely with the defenses which may or may not be set up to the cause of action in behalf of defendant. The defendant may not, by force of the federal act, plead the defense founded on the fellow servant doctrine, or on assumption of risk, or contributory negligence, if the negligence consisted in the violation of a federal statute. The facts relating to or affecting these three defenses, which the federal statute abolishes or changes, are alleged in the original as well as in the amended complaint, and are not sought to be changed by the amendment, so that there is no departure from fact to fact so far as those defenses are concerned. The original, as well as the amended, complaint alleges that plaintiff was free from contributory negligence, and also alleges a defect in the engine, being operated by the plaintiff as its engineer, as one of the grounds of recovery, and also alleges that the employee, on the front of plaintiff's engine at the time of the accident, whose duty it was to signal plaintiff, was negligent in that behalf, which

was the negligence of the defendant. Indeed, the law of the state courts at the time the action was brought was that the negligence of such employee was the negligence of the defendant, and that is precisely what the federal law effects by the abolition of the fellow-servant rule, and the doctrine as to the abolition of the assumption of risk in case of the violation of a statute by an employer was and is the same under the law of the state of New York as under the federal act. Furthermore, there is no departure from law to law involved in the proposed amendment, because if defendant at the time of the injury was engaged in interstate commerce, and plaintiff at such time was employed therein, the federal law applied at the time the action was brought, because it is the law of the jurisdiction and as applicable to the case as any state law was, and the Supreme Court has held that such law must be applied because paramount if the facts existed as above stated, whether the federal act or the facts requiring its application are pleaded or not, if such facts are brought out at the trial. *Missouri, Kansas & Texas Railway* v. *Wulf, supra; Toledo, St. Louis & Western R. Co.* v. *Slavin, supra; Wabash R. R. Co.* v. *Hayes, supra; Atlantic Coast Line Railroad Co.* v. *Bunette*, 239 U. S. 199; *Kansas City Western Ry. Co.* v. *McAdow, supra; Seaboard Airline Railway* v. *Koennecke, supra; Seaboard Airline Railway* v. *Renn*, 241 U. S. 290.

In the *Wulf Case, supra,* the Supreme Court expressly held that the federal courts are presumed to be cognizant, without pleading, of the Federal Employers' Liability Act.

In the *McAdow Case, supra,* the complaint neither alleged the law itself nor the facts requiring its application. The Supreme Court held, however, that the

defendant might prove the facts requiring such application in order to show that the action did not come under it. "The law governing the situation is equally the law of the state, whether derived from Congress or the State Legislature and must be noticed by the courts."

In the *Renn Case, supra,* the court said: "We cannot say that the court erred in treating the original complaint as pointing, although only imperfectly, to a cause of action under the law of Congress. And this being so, it must be taken that the amendment merely expanded, or amplified what was alleged in support of the cause of action and related back to the commencement of the suit, which was before the limitation had expired."

We assume from these decisions that the plaintiff as well as the defendant could show from proof of the necessary facts at the trial that the federal act applies, whether the law itself, or the facts requiring its application, are pleaded or not; but it is the better practice for the plaintiff, if he intends to rely upon the statute, to plead the facts requiring its application, which plaintiff is here seeking to do by the amendment.

The cases cited by the defendant in opposition to the motion, and which hold that a new cause of action is created by the application of the Federal Employers' Liability Act, are clearly distinguishable by reason of the fact that the cases dealt with are death claims. It is a well known and conceded fact that all actions for damages for death caused by negligence are purely statutory, and not common law rights of action. *Sharrow* v. *Inland Lines, Ltd.,* 214 N. Y. 101. And in every case where an action is brought by the injured person himself, or for his injuries while living, and he afterwards dies, and an amendment substituing and setting

forth the new statutory cause of action for his death is asked, it is plain that a new cause of action is sought to be interposed, and, if the Statute of Limitations has run against this new cause of action before the amendment is made, it is barred. *American Railroad Company of Porto Rico* v. *Didricksen,* 227 U. S. 145–149; *Hughes* v. *New York, Ontario & Western R. Co.,* 158 App. Div. 443.

I am of the opinion that no cause of action has been created by the passage of the employers' liability acts as applicable to the case at bar and that the plaintiff's motion for leave to serve the amended complaint proposed in the moving papers should be granted, the date of issue to remain unchanged. And in view of the circumstances of the plaintiff, and the history of the action, the motion should be granted without costs.

Motion granted, without costs.