LAND, J.
On May 29, 1926, Mrs. Winnie Keith, widow of Eads B. Keith, appearing for herself and her minor child, filed suit in the civil district court for the parish of Orleans, under the Employers’ Liability Act of the state of Louisiana (Act No. 20 of 1914, as amended), claiming compensation at the rate of $20 per week for 300 weeks on account of the death of her husband, who is alleged to *759 have been employed by defendant company as a brakeman on a train, which ran from Boyce to Addis, both places being within the state of Louisiana.
Plaintiff alleges that the injury which' caused the death of her husband was received in the course of, and by reason of, his employment by defendant company and was due to its .negligence, as detailed in the petition.
On June 7, 1926, defendant company filed its answer admitting the employment of Eads B. Keith as a brakeman on its train that ran from Boyce to Addis, La., and that he was killed on June 2, 1925, near Lecompte in this state. Defendant company also denied in its answer the negligence imputed to it by plaintiff as the cause of the death, of Eads B. Keith.
Further answering plaintiff’s petition, defendant alleged that the train on which Eads. B. Keith was employed on the 2d day of June, 1925, above referred to, “was engaged in interstate commerce,” and that defendant’s rights and liabilities with reference to the employment of Eads B. Keith, and the injuries suffered by him, “are governed by the Federal Employers’ Liability Act,” and not; by the Employers’ Liability Act of the state of Louisiana, Act No. 20 of 1914, as amended by Act No. 244 of 1920.
Defendant ended its answer with a prayer that plaintiff’s suit be dismissed.
In July, 1926, attorneys for defendant entered in to a written stipulation with attorneys for plaintiff to the effect that, at the time plaintiff’s husband, Eads B. Keith, was killed at Lecompte, La., he was employed in interstate commerce by defendant.
In a' letter addressed by counsel for defendant to counsel for plaintiff, it is stated that: “We enclose herewith original and carbon copy of stipulation in the above matter, and ask that you sign the original and return same to us. The carbon is for your files. Upon the signing of this stipulation, we shall make no objection to your filing a supplemental petition for the purpose of bringing Mrs. Keith’s case under the Federal Employers’ Liability Act. Please return to us the documents which were attached to our letter to you of June 14th.”
In due course, the plaintiff, Mrs. Winnie Keith, was appointed temporary administratrix of the estate of her late husband by the judge of the, county court of Karnes county, Tex., and gave bond and took the oath required by law.
On June 30, 1927, a supplemental and amended petition was filed by Mrs. Winnie Keith, appearing as the duly qualified administratrix of the estate of Eads B. Keith.
It is alleged in paragraph 2 that this petition was filed by agreement of counsel,'under the acts of Congress governing employers’ liability, to take the place of the original petition filed under the Workmen’s Compensation Act of the state of Louisiana.
It is also alleged in paragraph 11 of the petition: “That fhe defendant herein has admitted that the said Eads B. Keith was killed in the employ of the said defendant company herein being a brakeman on a train transporting goods and merchandise from without the State of Louisiana; that your petitioner. being the wife and believing the facts set forth in this paragraph so alleges the same.”
In paragraph 2 of its answer to the supplemental' petition, defendant admits that, at the time the original petition was filed, its attorneys advised plaintiff’s attorneys that decedent, Eads B. Keith, was engaged in interstate commerce at the fime of his death, *761 and that, for this reason, an action under the Louisiana Compensation Act did not lie. Defendant; admits that its attorneys agreed at the time that, should plaintiff’s attorneys desire to institute proceedings under the Federal Employers’ Liability Act (46 TJSCA §§ 51-59), they might do so by way of supplemental petition in the same proceedings, but defendant denies that there was any agreement that a supplemental and amended petition might be filed to take the place of the original petition.
On -Hay 21, 1929, defendant filed an exception and also an amended answer, asserting that the cause of action alleged in plaintiff’s supplemental and amended petition is barred by the lapse of more than two years from June 2, 1925, the date of the death of Eads B. Keith, to June 28, 1927, the date on which service of the supplemental petition was accepted, under section 6 of the Federal Employers’ Liability Act of 1908, as amended, 45 USCA § 56, providing in part as follows:
“No action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued.”
On July 5, 1929, judgment was rendered in the civil district court for the parish of Orleans, maintaining the exception filed by defendant and rejecting plaintiff’s demand and cause of action as set forth in plaintiff’s supplemental and amended petition.
On appeal by the plaintiff, this judgment was reversed by the Court of Appeal for the parish of Orleans, and the case was remanded to the lower court for further proceedings. 14 La. App. 290, 129 So. 190.
The decision rendered by the Court of Appeal is now before us for review under a writ of certiorari.
The effect of the stipulation, entered into by the attorneys on both sides, is not important, under our view of the case.
By the admissions made in its own answer, filed June 7, 1926, it is clear that defendant was aware and fully advised 1 year and 5 days after the death of Eads B. Keith that plaintiff’s action arose solely under the Federal Liability Act (45 USCA §§ 51-59).
Indeed, it is a fact that is peculiarly within the knowledge of a railroad company as to whether an employee, who has been injured or killed, was employed in interstate commerce at the time of his injury or death, Prescription was therefore interrupted by the admission made by defendant in its answer as effectually as if plaintiff had then filed an amended petition setting up the same fact. At the date of the filing of the supplemental and amended petition, June 30, 1927, only 1 year and 23 days had elapsed since the filing by defendant of its answer June 7,1926, and the consequent interruption thereby of prescription.
The argument of defendant company that more than two years had elapsed from the date of the death of Eads B. Keith to the date of the filing of the amended petition is not legally tenable, because of the interruption of prescription, and the plea must therefore fall.
In Nashville, C. & St. L. Ry. v. Anderson, 134 Tenn. 666, 185 S. W. 677, L. R. A. 1918C, 1115, Ann. Cas. 1917D, 902, it was held: “In a widow’s action for death of railroad employee when plaintiff’s original pleading referred to Georgia statutes, amendment to omit such reference and show decedent was employed in Interstate Commerce, defendant’s plea having shown that fact originally, upon substitution of decedent’s administra *763 tor as plaintiff under this chapter, was not a change of cause of action.” (Italics ours.)
In the case of King v. Norfolk-Southern R. Co., 176 N. C. 301, 97 S. E. 29, it was held by the U. S. Supreme Court, 249 U. S. 599, 39 S. Ct. 257, 63 L. Ed. 795, in denying a writ of certiorari: “Though the complaint failed to allege that plaintiff was engaged in Interstate Commerce if the defect was cured by adversary pleadings the action is not barred, though a trial amendment correcting the complaint was not made within two years from the accident.” (Italics ours.)
In Kinney v. Hudson River R. R. Co., 98 Misc. Rep. 11, 162 N. Y. S. 42, it was held: “Agairi a plaintiff who has brought an action under a state statute, within two years from the date of the injury may subsequently amend his petition to recover'under the Federal Act, though two years have elapsed at the time of the amendment.”
There were no changes in the supplemental petition, except the substitution of Mrs. Keith as administratrix, the admission that the ease was governed by the Federal Liability Act (45 USCA §§ 51-59), and the compensation prayed for by plaintiff. Both petitions alleged the employment, the death in the scope of employment, and negligence upon the part of defendant. It appears upon the face of the original petition that the employer and employee were both engaged and employed in an intrastate movement, not governed by federal legislation. Thaxton v. Louisiana Ry. & Nav. Co., 153 La. 299, 95 So. 773; Act 244 of 1920, amending section 80 of Act 20 of 1914. In such a case, the allegation of negligence may be mere surplusage, it is true, but nevertheless such allegation is essential to maintain an action under the Federal Employers’ Liability Act (45 USCA ,§§ 51-59).
As said by the Supreme Court of the United States in New York Cent. & H. R. R. Co. v. Kinney, 260 U. S. 340, 43 S. Ct. 122, 123, 67 L. Ed. 294, in affirming Kinney v. Hudson River R. R. Co., 98 Misc. Rep. 11, 162 N. Y. S. 42: “ ‘The facts constituting the tort were the same, whichever law gave them that effect.’ Seaboard Air Line R. Co. v. Koennecke, 239 U. S. 352, 354, 60 L. Ed. 324, 326, 36 S. Ct. 126, 11 N. C. C. A. 165. See also St. Louis, S. F. & T. R. Co. v. Smith, 243 U. S. 630, 61 L. Ed. 938, 37 S. Ct. 477. Of course an argument can be made o'n the other side, but when a defendant has had notice from the begimving that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied.” (Italics ours.)
Defendant did have notice from the beginning in this case that plaintiff’s claim arose under the Federal Liability Act (45 USCA §§ 51-59), since defendant knew this to be the case from the facts within its peculiar knowledge, and set up diligently in its original answer that plaintiff’s action came within the purview of the Federal Liability Act (45 US CA §§ 51-59).
The reasons, therefore, for the statute of limitations do not exist in the present case, and the plea invoking the statute cannot prevail.
The Supreme Court of the United States also said in the Kinney Case: “Where a complaint in an action for personal injuries alleges facts which may constitute the wrong either under the state law-or the Federal Employers’ Liability Act [45 USCA §§ 51-59], according to the nature of the employment, an amendment alleging that the parties at the time of injury were engaged in interstate commerce does not introduce a new cause of action, and may be allowed after the two-year limitation prescribed by § 6 of the act has run.” New York Cent. R. Co. v. Kinney (1922) *765 260 U. S. 340, 43 S. Ct. 122, 67 L. Ed. 294, affirming (1921), 231 N. Y. 678, 132 N. E. 895 (1920), 190 App. Div. 967, 179 N. Y. S. 929.
In the Kinney Case, the court also said: “In Missouri, K. & T. R. Co. v. Wulf, 226 U. S. 570, 57 L. Ed. 355, 33 S. Ct. 135, Ann. Cas. 1914B, 134, the declaration was by the mother as sole heir and next of tin of an employee of the plaintiff in error, in terms referring to a statute of Kansas giving her a right of action for injuries resulting in death. An amendment was allowed, more than two years after the injury, in which the plaintiff declared both as sole beneficiary and next of lcin and as administratrix and relied both on the Kansas law and on the Act of Congress. The plaintiff got a judgment under the Act of Congress which was sustained by this Court although the original declaration by the plaintiff could not be attributed to the Employers’ liability Act [45 USCA §§ 51-59], because the plaintiff sued only in her personal capacity and relied for that, as she had to, upon the Kansas law. 226 U. S. 576, 33 S. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134. It is true that the fact of the injury arising in interstate commerce was plehded by the defendant. But it was pleaded as a bar to the action as it then stood and only makes, more marked the changes that the amendment introduced. We do not perceive that the effect of the amendment in that case distinguishes it from this. It really is a stronger case, because, as we have said, here the declaration was consistent toith a wrong under the law .of the State or of the United States as the facts might turn out. The amendment ‘merely expanded or amplified what ^oas alleged in support of the cause of action already asserted * * * and was not affected by the intervening lapse of time.’ Seaboard Air Line R. Co. v. Renn, 241 U. S. 290, 293, 60 L. Ed. 1006, 1008, 36 S. Ct. 567, 568, 17 N. C. C. A. 1.” (Italics ours.)
In Lanis v. I. C. Railroad Company, 140 La. page 1, 72 So. 788, which was affirmed by the U. S. Supreme Court (246 U. S. 652, 38 S. Ct. 334, 62 L. Ed. 922), it is said: “When the widow of a man who was killed by the fault of a railroad company while he was employed and the company was engaged in interstate commerce sues the railroad company in her individual capacity for damages under a state statute, and the defendant excepts to the proceeding on the ground that the right of action under the federal Employers’ Inability■ Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, §§ 8657-8665 (45 USCA §§ 51— 59)]) prechides a right of action under the state statute, it is proper to allow the plaintiff to amend her petition by appearing in the capacity of administratrix and personal representative of the deceased, for the benefit of herself and his only child. And, in such case, as to the demand for the benefit of the widow, the prescription of two years does not apply if her original petition was filed and served within two years from the fatal accident, notwithstanding her supplemental petition as personal representative of the deceased was filed after the two years had elapsed.”
We do not concur in the conclusion reached by able counsel for defendant that the supplemental petition set forth a cause of action different from that complained of-in the original petition, and, consequently, did not relate back to the date of the filing of the original petition. We do not consider, therefore, as applicable to the present case B. & O. S. W. R. R. Co. v. Carroll, 280 U. S. 491, 50 S. Ct. 182, 74 L. Ed. 566 and Union Pacific R. Co. v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983, cited and relied upon by defendant.
The only changes made in the original petition were the allegations that the death occurred while the husband of plaintiff was en *767 gaged in interstate commerce, and that plaintiff had qualified as administratrix of the estate of decedent.
 It is well settled that neither an amendment for the first time setting up the right of plaintiff to sue as personal representative, nor an amendment for the first time alleging that the parties were engaged in interstate commerce introduces a new cause of action. Missouri, K. & T. R. Co. v. Wulf, 226 U. S. 570, 33 S. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; New York Cent. R. Co. v. Kinney, 260 U. S. 340, 43 S. Ct. 122, 67 L. Ed. 294; Lanis v. I. C. Railroad Company, 140 La. page 1, 72 So. 788; Newberry v. Central of Georgia Railroad (C. C. A.) 276 F. 337.
Neither amendment set up any different state of facts as the ground of action. Negligence having been charged, the original dec-' laration was consistent with a wrong under either the state or federal law, as the facts might turn out, and the acts constituting the tort were the same, whichever law gave them that effect.
In our opinion, the decision of the Court of Appeal for the parish of Orleans, handed down in this ease, is correct.
Judgment affirmed.
BRUNOT, J., dissents.