Syllabus.

## Richmond.

## Norfolk and Portsmouth Belt Line Railroad Co. v. Spriggs White.

### May 28, 1925.

1. Instructions—*Negligence—Instruction on Count which Has Been Abandoned—Case at Bar.*—In the instant case, an action by a section hand against a railroad for negligence, the plaintiff, in his motion for judgment, assigned two acts of negligence on the part of the defendant which proximately caused his injury. The defendant asked an instruction to cover the second ground of negligence alleged. This the court properly refused as there was not a scintilla of evidence to support that allegation of negligence, and as the burden of proving negligence was upon the plaintiff, it was plain that plaintiff had abandoned the second allegation of negligence in his motion. Besides, in an instruction given for the plaintiff, the court confined the plaintiff's right of recovery to the first act of negligence alleged.

2. Railroads—*Employer's Liability Acts—Interstate Commerce—Action by Employee Against Railroad—Allegation that Defendant Was Engaged in Interstate Commerce—Case at Bar.*—In the instant case, an action by a section man against a railroad for negligent injuries, plaintiff alleged that defendant was engaged in interstate commerce, but this was surplusage as sections 5791–5796 of Virginia Code covering intrastate commerce and subsequent to the Federal act are almost word for word the same as that act. It was not necessary to mention in the declaration under which of the acts the plaintiff sued. It was sufficient if the facts alleged brought the cause of action within the terms of either statute.

3. Railroads—*Interstate Commerce—Employers' Liability Act—Federal and State Acts.*—It is often extremely difficult to determine whether the injured servant was engaged in interstate commerce or not, and the advantage of suing in the State court is that that court has jurisdiction under both acts, and, if necessary facts are stated, jurisdiction will be maintained under the appropriate statute and the residue of the declaration, if necessary, will be treated as surplusage.

4. Railroads—*Master and Servant—Action by Section Hand—Appeal and Error—Objection for the First Time in the Appellate Court.*—In an action by a section hand against a railroad for negligent injuries, the defendant did not object to an instruction which applied the principles

of the employers' liability act to the case, therefore he could not raise the question for the first time on appeal.

5. Appeal and Error—*Case Considered as on a Demurrer to the Evidence—Action for Negligence—Instructions—Case at Bar.*—In an action by a section hand against a railroad for negligent injuries, the court instructed the jury that if they "believe from the evidence in this case that the negligence of a fellow-workman or any of the officers or agents of the defendant was the proximate cause of the injury complained of, then their verdict may be for the plaintiff." As this instruction did not direct the attention of the jury to any act of omission or commission on the part of the employer which if proven would have rendered it liable to the plaintiff, on appeal it must be considered practically as if the case were there upon a demurrer to the evidence.

6. Master and Servant—*Negligence—Presumption of Negligence.*—The fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the employee to establish that the employer has been guilty of negligence.

7. Master and Servant—*Negligence—Burden of Proof Upon Plaintiff—Case at Bar.*—In an action by a servant against his master for injuries arising from the negligence of the master, it is not for the employee to show that the employer may have been guilty of negligence—the evidence must point to the fact that he was. And where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess beween these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. If the employee is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony.

8. Master and Servant—*Railroads—Negligence—Injury from Dropping of Hand Car—Case at Bar.*—In the instant case, an action by a section hand for injury received from the dropping of the hand car which he with three others was carrying, there was no evidence to show that when one of the men engaged with the plaintiff in carrying the car set down or dropped the car, that there was any fact or circumstances in plaintiff's situation that imposed upon the plaintiff's fellow worker any duty of prevision towards plaintiff, nor would a reasonably prudent person have any reason to anticipate that such an accident was more likely to happen with four men than six carrying the car. In short there was no casual connection between the accident and the negligence urged.

Upon Petition for Rehearing.

Richmond, October 1, 1925.

9. Master and Servant—*Railroads—Section Man—Negligence—Proximate Cause—Case at Bar.*—In the instant case it was charged that the railroad company was negligent in that it ordered plaintiff and three other men to move a hand car that was usually moved by six men, and while moving the same plaintiff stepped upon a crosstie and fell with the wheel of the car on his foot, thus injuring him.

*Held:* That that was no casual connection between the alleged negligence and the injury, and that the entire evidence failed to point out any negligence on the defendant's part which could be fairly considered as the proximate cause of plaintiff's injury.

10. Negligence—*Proximate and Remote Cause—Requisites of Proximate Cause.*—The requisites of proximate cause are: First, the doing or omitting to do an act which a person of ordinary prudence could foresee might naturally or probably produce the injury; and, second, that such act or omission did produce it.

11. Master and Servant—*Duty of Master—Prevision Required of Master.*—A master is required to anticipate and guard against consequences injurious to his servant that may be reasonably expected to occur, but he is not compelled to foresee and provide against that which reasonable and prudent men would not expect to happen.

Error to a judgment of the Circuit Court of the city of Norfolk, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Thos. H. Willcox* and *Edward R. Willcox,* for the plaintiff in error.

*Oast, Kelsey & Jett,* for defendant in error.

Christian, J., delivered the opinion of the court.

The Norfolk and Portsmouth Belt Line Railroad Company was engaged to lay the ties and rails, upon

a spur track adjacent to its main line for Swift & Company, which latter company had done the grading, and over which the railroad company would render service to the owner. On the morning of September 20, 1922, White, with five other men under foreman Quillan, went to this spur track, taking with them a flat car or hand car to assist them in their work by hauling ties and rails to the points on the main line opposite the place on the spur track where they were to be placed. When the gang of workmen arrived at the place where the work was to be done the ties were already upon the ground so they proceeded forthwith to place them upon the roadbed in the usual manner six inches apart for fastening the rails upon.

This work was completed, but the rails had not arrived, so the hand car was left upon the main line, and the two men were sent to work upon the switch, while White and three others were ordered to level up the main line. About nine o'clock A. M. the car of rails arrived, and the hand car had to be removed from the track in order that the train might drop the rails along the side of the spur, to be fastened upon the already placed ties. Quillan ordered White and the three other men to move the hand car, and when they had gotten it midway the spur it fell or was dropped and caught White's right foot and ankle under one of the wheels, painfully injuring him. White brought suit against the company and the jury which tried the case found a verdict for the plaintiff for $1,000.00; the court refused to set aside the verdict, but entered up judgment thereon. The case is before this court upon writ of error to the Circuit Court of the city of Norfolk for alleged errors, which will be considered in their order as set forth in its petition.

The plaintiff's notice of motion set forth that the

defendant company was engaged in interstate commerce, and assigned two acts of negligence on the part of the defendant which proximately caused his injury as follows:

First: That while moving the flat car or hand car one of the members of his gang, then assisting in the work, carelessly, negligently and without giving due and proper warning let go his end of the car, thereby causing the same to fall upon the plaintiff's foot and ankle.

Second: Because the defendant failed to provide him a reasonably safe place to work, in that the crossties on the spur track or siding were loose, unfastened and insecure, so that when the plaintiff stepped upon one of the ties it turned over, moved or slipped, throwing him down and under the car, thus causing his injury.

After the evidence had been adduced, and before argument, the defendant asked the following instruction to cover the second ground of negligence set forth in the motion:

"If the jury believe from the evidence that the defendant company used ordinary care in preparing the roadway and in placing the ties where the plaintiff was working, it performed its duty to the plaintiff, and even though thereafter he stumbled over one of the ties, which caused him to be injured by the car falling upon him, he cannot recover in this action."

[1] This instruction was properly refused as there was not a scintilla of evidence to show that the defendant had not placed the ties in the usual, proper and customary manner of doing such work, and as the burden of proving negligence was upon the plaintiff, it is plain that the plaintiff abandoned this count in his motion. Besides, in the instruction given for the plain-

tiff while very general, but not objected to by the defendant, the court confined the plaintiff's right of recovery to the negligence of a fellow workman, or any officer or agent of the company.

[2, 3, 4] The second error assigned is that there is no proof that the defendant was engaged in interstate commerce. It is true that the plaintiff's motion alleged that the defendant was engaged in interstate commerce but this was surplusage as the sections 5791-5796 of Virginia Code, covering intrastate commerce and subsequent to the Federal act (U. S. Comp. St. secs. 8657-8665), are almost word for word the same. As said by the court in *Shumaker* v. *A. C. L. R. R. Co.*, 125 Va. 393, 99 S. E. 739: "It was not necessary to mention in the declaration under which of the acts the plaintiff sued. It was sufficient if the facts alleged brought the cause of action within the terms of either statute. *Vickery* v. *New London, etc., R. Co.*, supra; *Missouri, etc., R. Co.* v. *Wulf*, 226 U. S. 570, 33 Sup. Ct. Rep. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134. It is often extremely difficult to determine whether the injured servant was engaged in interstate commerce or not, and the advantage of suing in the State court is that the court has jurisdiction under both acts, and, if the necessary facts are stated, jurisdiction will be maintained under the appropriate statute and the residue of the declaration, if necessary, will be treated as surplusage." The defendant did not object to the instruction which applied the principle of employers' liability act to the case, and it is too late to raise the question in this court.

[5, 6, 7] The most important matter for consideration is presented by the motion for a new trial because the evidence does not sustain the verdict. At the conclusion of the evidence the court gave, without objection from the defendant, the following instruction:

"The court instructs the jury that if they believe from the evidence in this case that the negligence of a fellow-workman or any of the officers or agents of the defendant was the proximate cause of the injury complained of, then their verdict may be for the plaintiff."

This instruction does not direct the attention of the jury to any act of omission or commission on the part of the employer which, if proven, would have rendered it liable to the plaintiff, so that it will have to be considered practically as if it were here upon a demurrer to the evidence. It is well settled law that "the fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the employee to establish that the employer has been guilty of negligence.  *  *  *  *  *
*  *  * It is not for the employee to show that the employer may have been guilty of negligence—the evidence must point to the fact that he was. And where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. If the employee is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony." *Patton* v. *Texas & Pacific R. Co.*, 179 U. S. 663, 21 S. Ct. 275, 45 L. Ed. 361; *Washington & O. D. Ry.* v. *Weakley*, 140 Va. 796, 125 S. E. 675.

Applying the law as above stated to this case, we find the evidence as follows:

[8] White, after explaining how the four men had

hold of the flat car, one on each end; and had carried it from the main line to the middle of the spur, testified: "For some reason Joe Hubbard dropped his end, you see, and that caused the tie to slue and throw my feet from under me and the wheel caught me." Knight, the other witness for the plaintiff, one of the men who was helping with the flat car, testified that when they had reached the middle of the spur, Joe Hubbard said: "Sit it down" and Joe set it down, and he, Knight, looked and saw White step on a tie, after Joe had set his end down, and that slued White's foot under the wheel of the car. Joe Hubbard who was on the same side with White testified that when he said: "Sit it down because its far enough," that White stepped on the tie and fell before he set his end down. Quillan who was fifty feet away, looking directly at the operation, testifies that White stepped on the tie, which rolled and threw him down, before the other men set the car down. The plaintiff proved that it was customary for six men to handle this car although sometimes it was lifted by four, therefore it was negligence to order four men to carry it on this occasion. There is no evidence to show that when Hubbard set down or dropped the car, that there was any fact or circumstance in White's situation that imposed upon Hubbard any duty of prevision.

On the argument before this court, counsel state that the cause of the injury was ordering four men to handle it when there should have been six. The four men had handled the car without mishap to the point where they were going to "set it down," and as a matter of law, from the facts proven, it does not seem that a reasonably prudent person should have any reason to anticipate that such accident was any more likely to happen with four men than six. In short there is no causal connection between the accident and the

negligence urged. It is simply the case of an unfortunate accident for which the evidence does not prove the employer responsible, therefore the verdict will have to be set aside, and judgment entered for the defendant.

*Reversed.*

## Upon Petition to Rehear.

Richmond, October 1, 1925.

Per Curiam.

[9] It is charged that the railroad company was negligent in that it ordered White and three other men to move a hand car that was usually moved by six men, and while moving same White stepped upon a cross tie and fell with the wheel of car on his foot, thus injuring him. It does not seem that there was any causal connection between the alleged negligence and the injury.

[10, 11] "The entire evidence fails to point out any negligence on the defendant company's part which could be fairly considered as the proximate cause of this injury. The requisites of proximate cause are: First, the doing or omitting to do an act which a person of ordinary prudence could foresee might naturally or probably produce the injury; and, second, that such act or omission did produce it. A master is required to anticipate and guard against consequences injurious to his servant that may be reasonably expected to occur, but he is not compelled to foresee and provide against that which reasonable and prudent men would not expect to happen. *Virginia Iron, Coal and Coke Company* v. *Kiser*, 105 Va. 695." *Wilson* v. *Southern Railway Company*, 108 Va. 826.

The petition is denied.