## MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY v. WULF.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 517. Argued December 3, 1912.—Decided January 6, 1913.

Where the jurisdiction of the Circuit Court does not depend entirely on diverse citizenship but is also founded upon a Federal statute and the amount exceeds one thousand dollars, the judgment of the Circuit Court of Appeals is not final under § 6 of the Judiciary Act of 1891.

Even if the petition in a suit against an interstate carrier for the death of one engaged in interstate commerce asserts a cause of action under the state statute, without referring to the Federal Employers' Liability Act, the court is presumed to be cognizant of the Federal act and of the fact that it has superseded state laws upon the subject.

Under the Federal Employers' Liability Act the beneficiaries of one killed cannot maintain an action against the employer except as personal representatives of the deceased; but where the plaintiff is sole beneficiary and takes out letters after the commencement of the action, the court may allow an amendment alleging that the plaintiff sues in the capacity of administrator.

An amendment to the effect that plaintiff sues as personal representative on the same cause of action under the Federal statute instead of as sole beneficiary of the deceased under the state statute, is not equivalent to the commencement of a new action and is not subject to the statute of limitations. *Union Pacific Ry. Co.* v. *Wyler*, 158 U. S. 285, distinguished.

192 Fed. Rep. 919, affirmed.

THE facts, which involve the construction of the Federal Employers' Liability Act and to what extent amendments of pleadings are allowable, are stated in the opinion.

*Mr. James Hagerman, Mr. Joseph M. Bryson, Mr. Alex. S. Coke* and *Mr. A. H. McKnight,* for plaintiff in error, submitted.

*Mr. Judson H. Wood,* with whom *Mr. James P. Haven* was on the brief, for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

The defendant in error, Sallie C. Wulf, in her individual capacity, commenced this action January 23, 1909, in the Circuit Court of the United States for the Eastern District of Texas, to recover damages by reason of the death of her son, Fred S. Wulf, which occurred November 27, 1908, while he was in the employ of the defendant (now plaintiff in error) as a locomotive fireman, and in the performance of his duties as such upon a train bound

from Parsons in the State of Kansas to Osage in the State of Oklahoma. The original petition set up diversity of citizenship, plaintiff being alleged to be a *bona fide* inhabitant, resident and citizen of Texas, and the defendant a corporation organized under the laws of the State of Kansas. For cause of action it was averred that the decedent's death was the result of a bursting of the locomotive boiler, due to defects therein attributable to the negligence of the employer. It was further averred that—"Plaintiff is the mother of the said Fred S. Wulf and is a *feme sole:* and the said Fred S. Wulf was an unmarried man, leaving no wife or children surviving. That his father died prior to the time that he died, and plaintiff is the sole heir, next of kin, and beneficiary of the estate of the said Fred S. Wulf, deceased. That there is no administration pending on the said estate of the said Fred S. Wulf, within this State (Texas) or elsewhere, and that none is necessary. That said decedent was a resident citizen of the State of Texas when he was killed, but was temporarily working in Kansas. That by virtue of the laws of the State of Kansas, where the said Fred S. Wulf was killed, a right of action is provided by statute, for injuries resulting in death." The plaintiff demanded $40,000 damages. On May 19, 1909, defendant filed its original answer, consisting of a general demurrer, a general denial of the allegations of the petition, and averments that the injuries complained of were proximately caused and contributed to by deceased's own negligence and want of ordinary care and by that of his fellow-servants. No action appears to have been taken upon this pleading; but on January 6, 1911, defendant filed its first amended answer, consisting of a general demurrer; a special demurrer to the claim of $40,000 damages, on the ground that under the laws of Kansas the damages were limited to $10,000; and averments that at the time of the injury and death of deceased defendant was engaged in interstate commerce,

and deceased was in its employ and was himself engaged in interstate commerce, and that the cause of action is not governed by the laws of Kansas, but arises out of the Federal Employers' Liability Act of 1908. There was also a general denial of the allegations of the petition, and an averment of contributory negligence on the part of the deceased and of his fellow-servants. Upon the same day (January 6, 1911), the plaintiff filed her first amended original petition, averring that she was the sole heir and next of kin of Fred S. Wulf, deceased; that at the time of the filing of the original petition there was no administration upon his estate and no necessity for any; that on January 4, 1911, she was duly appointed temporary administratrix of his estate by the County Court of Grayson County, Texas, a court of competent jurisdiction, and qualified as such, with full power and authority to prosecute this suit as party plaintiff, and had made application to be appointed permanent administratrix; "That there now exists no necessity for an administration upon the estate of the said Fred S. Wulf, deceased, unless the same should be necessary for the sole purpose of prosecuting this suit as administratrix of said decedent for the benefit of herself as the surviving parent and next of kin of the said decedent; said plaintiff being the next of kin and sole beneficiary of whatever may be recovered in this suit. She therefore sues in her original capacity as such sole beneficiary and next of kin, but in the event it shall be determined that she is not entitled to recover in said capacity, then she asks that she be allowed to recover as administratrix for her benefit as aforesaid. Therefore, she sues both in her individual capacity and as administratrix as aforesaid." The averment of diversity of citizenship was repeated, as were those averments of the original petition that set forth the cause of action. The amended petition further averred—"That by virtue of both the laws of the State of Kansas, where the said Fred S. Wulf

was killed, and the acts of Congress of the United States of America, a right of action is provided for injuries resulting in death in the manner and form and in the occupation that deceased was engaged in at the time of his death." This amendment was allowed by the court, and an order was made permitting the plaintiff to prosecute as the personal representative of the deceased for her individual benefit, as well as in her individual capacity. Thereafter the defendant filed its second amended answer, by which it excepted to that portion of the amended petition making Sallie C. Wulf a party plaintiff, because "under the act of Congress, known as the Employers' Liability Act, she is not a proper party to said suit;" excepted to that portion making her a party as temporary administratrix, "because she was not made a party thereto as such administratrix at the time of the filing of the original petition;" and excepted to that portion seeking to make her a party as administratrix, because the amendment making her a party in that capacity was made more than two years from the time the alleged cause of action accrued, and for that the cause of action, if any, was barred by the limitation of two years. There was also a general denial of the allegations of fact in plaintiff's petition contained, "except that this defendant says that at the time the said deceased was killed he was engaged in interstate commerce."

The exceptions being overruled, a trial was had upon the issues of fact, and resulted in a verdict and judgment in favor of the plaintiff (now defendant in error) for $7,000, which was affirmed by the Circuit Court of Appeals for the Fifth Circuit (192 Fed. Rep. 919), and the case comes here by writ of error.

The judgment of the Circuit Court being founded upon the Federal Employers' Liability Act, so that the jurisdiction of that court was not dependent entirely upon the diversity of citizenship of the parties, the judgment of the

Circuit Court of Appeals was not made final by § 6 of the Evarts Act, and thus (the matter in controversy exceeding one thousand dollars), there is a right to a writ of error from this court. Act of March 3, 1891, 26 Stat. 828, c. 517, § 6; Judicial Code of March 3, 1911, 36 Stat. 1087, c. 231, p. 1133, § 128; p. 1157, § 241.

. The argument for reversal rests wholly upon the mode of procedure followed in the Circuit Court. It is contended that the plaintiff's original petition failed to state a cause of action, because she sued in her individual capacity and based her right of recovery upon the Kansas statute, whereas her action could legally rest only upon the Federal Employers' Liability Act of 1908, which requires the action to be brought in the name of the personal representative of the deceased; that the plaintiff's amended petition, in which for the first time she set up a right to sue as administratrix, alleged an entirely new and distinct cause of action, and that such an amendment could not lawfully be allowed so as to relate back to the commencement of the action, inasmuch as the plaintiff's cause of action was barred by the limitation of two years before she undertook to sue as administratrix.

It seems to us, however, that, aside from the capacity in which the plaintiff assumed to bring her action, there is no substantial difference between the original and amended petitions. In the former, as in the latter, it was sufficiently averred that the deceased came to his death through injuries suffered while he was employed by the defendant railroad company in interstate commerce; that his death resulted from the negligence of the company and by reason of defects in one of its locomotive engines due to its negligence; and that since the deceased died unmarried and childless, the plaintiff, as his sole surviving parent, was the sole beneficiary of the action. It is true the original petition asserted a right of action under the laws of Kansas, without making reference to the act of

Congress. But the court was presumed to be cognizant of the enactment of the Employers' Liability Act; and to know that with respect to the responsibility of interstate carriers by railroad to their employés injured in such commerce after its enactment it had the effect of superseding state laws upon the subject. *Second Employers' Liability Cases*, 223 U. S. 1, 53. Therefore the pleader was not required to refer to the Federal act, and the reference actually made to the Kansas statute no more vitiated the pleading than a reference to any other repealed statute would have done.

It is true that under the Federal statute the plaintiff could not, although sole beneficiary, maintain the action except as personal representative. So it was held in *American Railroad Co. v. Birch*, 224 U. S. 547. But in that case there was no offer to amend by joining or substituting the personal representative, and this court, while reversing the judgment, did so without prejudice to such rights as the personal representatives might have. The decision left untouched the question of the propriety of such an amendment as was applied for and allowed in the case before us; an amendment that, without in any way modifying or enlarging the facts upon which the action was based, in effect merely indicated the capacity in which the plaintiff was to prosecute the action. The amendment was clearly within § 954, Rev. Stat.

Nor do we think it was equivalent to the commencement of a new action, so as to render it subject to the two years' limitation prescribed by § 6 of the Employers' Laibility Act. The change was in form rather than in substance. *Stewart v. Baltimore & Ohio Railroad Co.*, 168 U. S. 445. It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit. *Texas & Pacific Ry. Co. v. Cox*, 145 U. S. 593, 603; *Atlantic & Pacific R. Co. v. Laird*, 164

U. S. 393, 395. See also *McDonald* v. *State of Nebraska,* 101 Fed. Rep. 171, 177, 178; *Patillo* v. *Allen-West Commission Co.,* 131 Fed. Rep. 680; *Reardon* v. *Balaklala Consol. Copper Co.,* 193 Fed. Rep. 189. Reliance is placed by plaintiff in error upon *Union Pacific Ry. Co.* v. *Wyler,* 158 U. S. 285. There the action was commenced in a state court of Missouri and afterwards removed to the United States Circuit Court. The original petition was based upon the common law of master and servant, and set up an injury to the plaintiff occurring in the State of Kansas while he was in the employ of the defendant, averring that the injury was due to the negligence of the defendant in employing and retaining in its employ as fellow-servant of the plaintiff one Kline, an incompetent person, with knowledge of his incompetency; afterwards plaintiff filed an amended petition, eliminating the charge of incompetency on the part of Kline and the averment of defendant's knowledge of such incompetency, and resting the cause of action exclusively upon the negligence of Kline as a fellow-servant of plaintiff, averring that the employer was liable to the plaintiff for the injury suffered by him through such negligence because a right of action was given in such case by the law of Kansas where the accident occurred. This court held that the amendment introduced a substantially new cause of action, to which the bar of the statute of limitations applied. But in that case, as is made plain in the opinion delivered by Mr. Justice White (now Chief Justice), the amended petition set up not only a different state of facts, but a different rule of law as the ground of the action; the original petition proceeding exclusively on the common law rule which held a master liable who with knowledge employs or retains an incompetent servant, and making no reference to the Kansas statute, nor averring negligence on the part of the fellow-servant, excepting so far as this might be inferred from the averment of his incompetency; while the amend-

ment relied upon the fellow-servant's mere negligence together with a statute of Kansas which made the master responsible for the consequences of the negligence of a fellow-servant. The action having been commenced in a Missouri court which would not take notice of the Kansas statute unless it were pleaded (*Babcock* v. *Babcock*, 46 Missouri, 243), this court held that the rule that the Federal courts take judicial notice of the laws of the several States did not apply. Since in the present case the Federal statute did not need to be pleaded, and the amended petition set up no new facts as the ground of action, the decision in the *Wyler Case* is not controlling.

*Judgment affirmed.*

Mr. Justice Lurton entertains doubts as to whether the two years' limitation does not apply.