## NEW YORK CENTRAL & HUDSON RIVER RAIL-ROAD COMPANY v. KINNEY.

### CERTIORARI TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 110. Argued November 21, 1922.—Decided December 4, 1922.

Where a complaint in an action for personal injuries alleges facts which may constitute the wrong either under the state law or the Federal Employers' Liability Act, according to the nature of the employment, an amendment alleging that the parties at the time of injury were engaged in interstate commerce does not introduce a new cause of action, and may be allowed after the two-year limitation prescribed by § 6 of the act has run.  P. 345.

190 App. Div. 967; 231 N. Y. 578, affirmed.

CERTIORARI to a judgment of the Supreme Court of New York, entered on remittitur from the Court of Appeals, affirming a judgment for the plaintiff, Kinney, in an action for personal injuries against the Railroad Company.  There were several trials in the New York courts before the amendment passed upon here was made.  See 98 Misc. 8; 171 App. Div. 948; 217 N. Y. 325; 185 App. Div. 903; 190 App. Div. 967; 231 N. Y. 578.

*Mr. Maurice C. Spratt,* with whom *Mr. Herbert W. Huntington* was on the briefs, for petitioner.

The amendment to the complaint alleging engagement of the plaintiff and defendant in interstate commerce introduced an entirely new cause of action, and having been made more than two years after the cause of action accrued was barred by the statute of limitations contained in § 6 of the federal act.  The statute having been

pleaded and proven the defendant was entitled to judgment.

While this Court has upheld amendments where the original complaint pointed, although imperfectly, to a cause of action under the laws of Congress, as in *Seaboard Air Line Ry.* v. *Renn,* 241 U. S. 290, or where the amendment involved merely the substitution of the personal representative of the deceased, as in *Missouri, Kansas & Texas Ry. Co.* v. *Wulf,* 226 U. S. 570, we do not find that this Court has yet passed upon the question where the facts were as here, except that the logic of the opinion in the *Renn Case* leads unerringly to the conclusion that under facts similar to those in this case the amendment would not have been permitted.

No claim has been or can be made that the plaintiff attempted to maintain or commence any action under the federal statute for eight years after the cause of action accrued.

The cause of action was based squarely upon the New York Employers' Liability Act. There was not only an allegation in the complaint of the service of a notice under the provision of said act, but a copy of the notice alleged to have been so served was attached to the complaint.

Furthermore, upon none of the first three trials of this case was any proof given of interstate commerce nor was it even suggested that either might have been so engaged. Nor did the defendant's answer set up engagement in interstate commerce as a defense. For eight years this suit was absolutely silent as to interstate commerce.

If plaintiff was engaged in interstate commerce, then his original complaint failed to state any cause of action under the state act, the Federal Employers' Liability Act being exclusive and superseding all state laws upon the same subject. By coming into court and alleging that the plaintiff was engaged in interstate commerce, the plaintiff admits that the action as brought and three times tried

could not be maintained. It is not merely the addition of further grounds of liability. It is even more than a substitution of one cause of action for another. It is the substitution of the right to maintain an action barred by the express limitations of the federal statute, in place of a cause of action in which plaintiff has been substantially defeated.

Assume that by final judgment the plaintiff had been defeated in his action under the state act, could he then, eight years after the accident, successfully institute and maintain suit under the federal statute?

The original complaint by its plain language excluded all suggestion of right under the federal statute. The amended complaint excludes all rights under the state statute. The cause of action originally pleaded was wholly inconsistent with the cause of action set forth in the amended complaint. Each excludes the other. Discussing: *Union Pacific Ry. Co.* v. *Wyler,* 158 U. S. 285; *Seaboard Air Line Ry.* v. *Renn,* 241 U. S. 290; *Troxell* v. *Delaware, Lackawanna & Western R. R. Co.,* 227 U. S. 434; *American R. R. of Porto Rico* v. *Didricksen,* 227 U. S. 145; *Gulf, Colorado & Santa Fe Ry. Co.* v. *McGinnis,* 228 U. S. 173; *Hogarty* v. *Philadelphia & Reading Ry. Co.* 255 Pa. St. 236; *Allen* v. *Tuscarora Valley R. R. Co.,* 229 Pa. St. 97; *Hall* v. *Louisville & Nashville R. R. Co.,* 157 Fed. 464; *Hughes* v. *New York, O. & W. R. R. Co.,* 158 App. Div. 443; *Carpenter* v. *Central Vermont Ry. Co.,* 93 Vt. 357; *Ryan* v. *New York Central & Hudson River R. R. Co.,* 171 App. Div. 958; *Findley* v. *Coal & Coke Ry. Co.,* 76 W. Va. 747; *Fort Worth & Rio Grande Ry. Co.* v. *Bird,* 196 S. W. 597; *Walker* v. *Iowa Central Ry. Co.,* 241 Fed. 395; Roberts, Federal Liability of Carriers, § 696, pp. 1210–1212.

*Mr. Hamilton Ward* for respondent.

If interstate commerce appears upon the trial, the case must be determined by the federal law. The plaintiff can

sue to recover for the wrong done; and the law to be administered, whether state or federal, is determined by the facts proved. A sufficient allegation to establish a cause of action in tort does not necessarily involve the mention of any statute. Where an action is duly commenced by the proper party within the time fixed by the statute of limitations, amendments which do not set up a new cause of action are within the discretion of the court and are not controlled by the statute of limitations. A recovery may be had, where the facts proved warrant it, under the Federal Employers' Liability Act without an express allegation in the pleadings that the parties are engaged in interstate commerce, if such proof be made upon the trial and the defendant be not surprised thereby. An amendment setting up the fact that the parties "at the times and in the manner above set forth were then and there engaged in interstate commerce " does not set up a new cause of action..

*Payne* v. *New York, S. & W. R. R. Co.,* 201 N. Y. 440; *Lee* v, *Central of Georgia Ry. Co.,* 252 U. S. 109; *Toledo, St. Louis & Western R. R. Co.* v. *Slavin,* 236 U. S. 454; *Seaboard Air Line Ry.* v. *Koennecke,* 239 U. S. 352.

If the federal law would have been applied without the amendment, upon proof of interstate commerce, it would seem idle to ask this Court to say that the allowance of such an amendment, which was justified by the proof, and which was merely in support of the cause of action originally alleged, justifies this Court in setting aside the verdict and granting a new trial. *Smith* v. *Atlantic Coast Line R. R. Co.,* 210 Fed. 761; *Missouri, Kansas & Texas Ry. Co.* v. *Wulf,* 226 U. S. 570; *Davis* v. *New York, Lake Erie & Western R. R. Co.,* 110 N. Y. 646; *St. Louis, San Francisco & Texas R. R. Co.* v. *Smith,* 243 U. S. 630; s. c. 171 S. W. 512; 160 S. W. 317; *Illinois Central R. R. Co.* v. *Lanis,* 246 U. S. 652; s. c. 140 La. 1; *Baltimore & Ohio R. R. Co.* v. *Smith,* 246 U. S. 653; s. c. 169 Ky. 593; *Cur-*

*tice* v. *Chicago & Northwestern Ry. Co.,* 162 Wisc. 421;
s. c. 166 Wisc. 594; 247 U. S. 510.

A recovery can be had under the federal statute without
an allegation of interstate commerce in the complaint
within two years, where the action has been duly com-
menced and interstate commerce appears upon the trial,
and no different elements of negligence are sought to be
established by the plaintiff.    *Texas & Pacific Ry. Co.* v.
*Cox,* 145 U. S. 593; *Vickery* v. *New London R. R. Co.,*
87 Conn. 634; *Gainesville Midland Ry.* v. *Vandiver,*
141 Ga. 350; *Jorksen* v. *Grand Rapids, etc. R. R. Co.,*
189 Mich. 537; *Bird* v. *Fort Worth, etc. Ry. Co.,* 109 Tex.
323; s. c. 196 S. W. 597; *Nashville, etc. Ry. Co.* v. *Ander-
son,* 134 Tenn. 666; *Ziknik* v. *Union Pacific R. R. Co.,* 95
Neb. 152; s. c. 239 U. S. 650; *Broom* v. *Southern Ry.,* 115
Miss. 493; *Gropp* v. *Great Atlantic & Pacific Tea Co.,*
161 App. Div. 859; *Smith* v. *Atlantic Coast Line R. R.
Co.,* 210 Fed. 761.


MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit for personal injuries to the plaintiff, the
respondent in this Court, caused by the collision of a train
upon which he was employed by the defendant, the pe-
titioner, as an engineer, with a train of the Michigan Cen-
tral Railroad Company.    After several trials and about
seven years and a half after the suit was begun the plain-
tiff was allowed to amend his complaint by alleging that
at the time of the collision the plaintiff and defendant
were engaged in interstate commerce.    He got the present
judgment under the Employers' Liability Act of April 22,
1908, c. 149, 35 Stat. 65; the jury having found that the
parties were so engaged.    The defendant contended that
the amendment introduced a new cause of action and
under § 6 of the act could not be allowed after the two
years' limitation had run.    See also Act of April 5, 1910,

c. 143, 36 Stat. 291. A writ of certiorari was granted to dispose of this doubt.

The original complaint set forth facts that would have given a cause of action at common law, under the statutes of New York or the act of Congress, as one or another law might govern. It alleged a notice, required by the New York statute and to that extent pointed to that. The amended complaint, against the petitioner alone, while it introduced the allegations objected to, retained the allegation as to notice, and was treated by the trial Court, seemingly with the approval of the higher Courts of the State, as warranting a recovery under either law as the jury should find. There is nothing in the statutes of the United States to prevent this form of pleading, as is indicated incidentally in the case that we are about to cite upon the main point.

In *Missouri, Kansas & Texas Ry. Co.* v. *Wulf,* 226 U. S. 570, the declaration was by the mother as sole heir and next of kin of an employee of the plaintiff in error, in terms referring to a statute of Kansas giving her a right of action for injuries resulting in death. An amendment was allowed, more than two years after the injury, in which the plaintiff declared both as sole beneficiary and next of kin and as administratrix and relied both on the Kansas law and on the act of Congress. The plaintiff got a judgment under the act of Congress which was sustained by this Court although the original declaration by the plaintiff could not be attributed to the Employers' Liability Act, because the plaintiff sued only in her personal capacity and relied for that, as she had to, upon the Kansas law. 226 U. S. 576. It is true that the fact of the injury arising in interstate commerce was pleaded by the defendant. But it was pleaded as a bar to the action as it then stood and only makes more marked the changes that the amendment introduced. We do not perceive that the effect of the amendment in that case distinguishes it from

this. It really is a stronger case, because, as we have said, here the declaration was consistent with a wrong under the law of the State or of the United States as the facts might turn out. The amendment "merely expanded or amplified what was alleged in support of the cause of action already asserted . . . and was not affected by the intervening lapse of time." *Seaboard Air Line Ry.* v. *Renn,* 241 U. S. 290, 293. " The facts constituting the tort were the same, whichever law gave them that effect." *Seaboard Air Line Ry.* v. *Koennecke,* 239 U. S. 352, 354. See also *St. Louis, San Francisco & Texas Ry. Co.* v. *Smith,* 243 U. S. 630. Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied.

We shall not discuss at length other points that technically are open but that did not induce the granting of the writ, such as the sufficiency of the evidence that the parties were engaged in interstate commerce, the instruction as to assumption of risk, &c. We see no sufficient reason for disturbing the judgment and it must stand.

*Judgment affirmed.*