By the Court.
 

 This cause is certified to this court by the Court of Appeals of Marion county because of a conflict with the judgment of another Court of Appeals of this state.
 

 This action was brought by the administratrix to recover damages for personal injuries resulting in the death of the decedent, Francis J. Moran. The petition alleges that the decedent was employed as a member of a switching crew, whose duty it was to assemble trains east and west bound out of the yards, and that such duties required him to cross to and from different tracks therein located, and that, while engaged in these duties, a backing locomotive, operated by the employes of the de
 
 *227
 
 fendant, ran over and killed him. The acts of negligence complained of in the petition are: (1) That the defendant permitted large accumulations of snow and ice between the tracks to such an extent that it. was extremely difficult and dangerous to walk between them in order to get to the various switches. (2) That the operators of the backing engine were careless in failing to observe the decedent upon the track, and in operating its locomotive backwards without having any one stationed upon the tender to warn employes using the track. (3) That the defendant was negligent in failing to give warning or signal to decedent of the approach of the locomotive.
 

 In addition to general denials, the answer alleged that the accident was due to lack of care on the part of the decedent proximately contributing to his injury; it also contained the defense of assumption of risk.
 

 In the court of common pleas a verdict was returned in favor of the plaintiff below. The judgment upon this verdict was reversed by the Court of Appeals, and the cause remanded to the trial court for further proceedings according to law. It appears from the journal entry of the Court of Appeals that the judgment was reversed for error, “in that the verdict and judgment are contrary to law, there being no evidence of negligence of the defendant.”
 

 If there was no evidence of negligence of the defendant, it was the duty of the trial court, upon motion, to direct a verdict for the defendant. The question presented, therefore, is whether the record discloses evidence of negligence of the defendant
 
 *228
 
 proximately causing the injury and death of Moran. The yards where the accident occurred comprised a series of parallel tracks. Moran was a yard brakeman, and was working with a crew operating switch Engine No. 1693, and his duties were to open and close switches as required in the operation of the switch engine. At the time in question, engine No. 1693, heading westward, had been shunted into a parallel track to permit a westbound freight train to pass. It was Moran’s duty to line up the switches so as to permit his own engine to reach the northermost parallel track, and, at the time he was killed, Moran, pursuant to orders, was proceeding to the location of a switch which it was his duty to close as soon as the west-bound freight train had cleared. There was evidence that the condition at the side of the tracks, by reason of accumulations of cinders, and also of snow and ice, and other obstructions, was such as to make walking there difficult, that there was no path except in the center of the track, and that the engineer driving the engine which struck Moran knew of these conditions. There is' evidence also that there were disturbing noises so great that it had been necessary for the engineer of the backing switch engine to practically stop his engine in order to avoid injuring the section men working on the track in the same vicinity. The backing engine being used as a switch engine was in fact a road engine, with a large square tender, which obstructed the view of the engineer and fireman when propelled backward, and there was evidence that because of a curve, and the passing
 
 *229
 
 west-bound freight train, the view of the approaching switch engine was obstructed.
 

 These conditions required care on the part of the engineer and fireman operating the backing engine commensurate with the apparent danger created by the situation, and whether such care was exercised was a question of fact for the jury, which was submitted to it by the trial court under proper instructions. The doctrine of the assumption of risk could not be applied if the negligence of the engineer, which Moran could not have foreseen or expected, was the proximate cause of the injury, and the jury in its general verdict may have found against the defendant upon that ground of negligence.
 

 The amendment of the pleading over the objection of the defendant below did not introduce a new cause of action, although allowed after the period of limitation had expired.
 
 New York Central
 
 &
 
 Hudson River Rd. Co.
 
 v.
 
 Kinney,
 
 260 U. S., 340, 43 S. Ct., 122, 67 L. Ed., 294.
 

 For the reasons stated, the judgment of the Court of Appeals will be reversed, and that' of the common pleas court affirmed.
 

 Judgment reversed.
 

 Marshall, C. J., Matthias, Day, Allen and Robinson, JJ., concur.