Belknap,
Nov. 3, 1931.

JOSEPH TONDREAU *v.* BOSTON & MAINE RAILROAD.

*Fortunat E. Normandin* and *Stanton Owen* (*Mr. Owen* orally), for the plaintiff.

*Jewett & Jewett* (*Mr. Stephen S. Jewett* orally), for the defendant.

PEASLEE, C. J.   The amendment to the declaration, alleging that the plaintiff was employed in inter-state commerce at the time of the

accident, and therefore entitled to recover under the federal employers' liability act, was properly allowed. As the federal court has construed this act (U. S. Code, Tit. 45, c. 2), questions of this character are of federal law, even when the cause is prosecuted in a state court. *Crugley* v. *Railway*, 79 N. H. 276, and cases cited. In a case substantially identical with the present action, it was decided that such an amendment was properly allowed, although offered at a time when an original action would have been barred by the two year statute of limitations. *New York Central &c. Railroad* v. *Kinney*, 260 U. S. 340. See also *Grew* v. *Railroad*, 83 N. H. 383.

The claim that the plaintiff was guilty of contributory negligence is immaterial upon the issue of a nonsuit or directed verdict. Under the federal act such fault does not defeat the action, but only goes in reduction of damages. U. S. Code, Tit. 45, c. 2, s. 53; *Stowe* v. *Payne*, 80 N. H. 331.

The contention that it conclusively appears that the plaintiff assumed the risk is based upon the assertion that it was the plaintiff's duty to be on the watch for danger as the gasoline work car on which he and others were riding approached a level crossing. But this is merely another way of stating a claim of contributory negligence. The negligence of which the plaintiff complains is that of the foreman. There is no suggestion that the foreman was habitually negligent, or that the plaintiff either knew or ought to have known of such negligence in the present instance in season to quit his post. *Crugley* v. *Railway*, 79 N. H. 276.

"As . . . the case is governed by the federal employers' liability act, the fellow-servant doctrine has no application." *Ingalls* v. *Railroad*, 83 N. H. 397, 399, and cases cited. The general chance of injury by the negligence of a fellow-servant was not assumed by the plaintiff. It is therefore immaterial whether the foreman should be considered to have been the plaintiff's fellow-servant or a vice principal of the defendant. In either event, the defendant would be liable to the plaintiff, under the act, for the foreman's negligence.

The issue of the defendant's negligence has been argued here on behalf of the plaintiff upon the claim that the view from the track was unnecessarily obstructed by a baggage truck, and that the foreman failed to take reasonable precaution to ascertain if the way was clear. It is unnecessary to consider either claim, for the foreman who was called as a witness by the defendant, testified that he saw the approaching truck when it was a hundred and fifty feet from the crossing, that at that time his car was at the end of the crossing and could have

been stopped in three feet, that the defendant's rule required him to give highway traffic the right of way, that before this occasion he had always stopped if he saw an approaching automobile within six or seven hundred feet, and that he did not stop on this occasion because he thought he had time to cross and that the truck would stop to let him go by. It is true that in other parts of his testimony he claimed that he was farther advanced when he saw the truck, and sought to justify his course upon the ground that he thought it too late to stop. This conflict merely raised an issue for the jury. Taking the view most favorable to the plaintiff, this testimony showed that the foreman failed to act prudently in the face of a known danger.

The defendant's motions were rightly denied.

*Judgment on the verdict.*

All concurred.