## JACOBS v. PENNSYLVANIA R. CO.
### No. 3.

District Court, D. Delaware.
March 16, 1934.

James R. Morford (of Marvel, Morford, Ward & Logan), of Wilmington, Del., for plaintiff.

Clarence A. Southerland (of Ward & Gray) of Wilmington, Del., for defendant.

NIELDS, District Judge.

Defendant demurred to an amended declaration charging it with negligence resulting in the death of Geraldine Jacobs, an infant, at a railroad crossing at Mendenhall, Chester County, Pennsylvania. The causes of demur are (1) that the plaintiff has no cause of action against the said defendant with respect to the matters and things in the declaration set forth; (2) that it appears that the mother of the decedent is not a party to this suit.

This action of tort for death was brought in the name of Jacob Jacobs, administrator of Geraldine Jacobs, deceased. Following the writ of summons, the original declaration in ten counts was filed by and on behalf of Jacob Jacobs, administrator as aforesaid, and profert of the letters of administration was made showing the granting thereof by the register of wills in and for New Castle County, Delaware.

This action is based wholly upon the Pennsylvania death statute, 12 P.S.Pa. §

1602, designating the persons entitled to recover damages. By leave of court plaintiff filed an amendment to the declaration pleading the Pennsylvania statute and adding to each count the following paragraph: "That the said Geraldine Jacobs, deceased, left her surviving no husband, widow or children, and that the said Geraldine Jacobs, deceased, left her surviving one Jacob Jacobs, her father, and one Sophia Jacobs, her mother, said persons being the parents of said intestate within the meaning and purport of the Statutes of the Commonwealth of Pennsylvania above referred to, and the said plaintiff shows to the Court here that this cause of action is brought, maintained, and prosecuted solely for the use and benefit of the said Jacob Jacobs and Sophia Jacobs, parents of the said intestate."

█ Under the Pennsylvania statute this action should have been brought jointly in the names of both parents. Waltz v. Pennsylvania R. R. Co., 216 Pa. 165, 65 A. 401. This was not done and the demurrer must be sustained.

Plaintiff, however, should be accorded an opportunity to amend if he should so elect by substituting the parents of the decedent as parties plaintiff notwithstanding the statute of limitations of both Pennsylvania and Delaware may have run.

█ Whether amendments are to be allowed or refused is almost wholly within the discretion of the court. Modern authorities favor allowing amendments to prevent failure of justice, especially where the statute of limitations has run.

The suggested amendment would not set up a new cause of action or change the legal theory of recovery in any particular. The defendant already has notice of all the pertinent facts as stated in the original declaration. Substituting both parents as parties plaintiff prevents a failure of justice and imposes no hardship upon defendant. This sensible solution of a question of pleading is supported by the later authorities. New York Cent. R. R. v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 67 L.Ed. 294; United States v. Memphis Cotton Oil Co., 288 U. S. 62, 68, 53 S.Ct. 278, 77 L.Ed. 619; Missouri, Kans. & Tex. Ry. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, Ann.Cas. 1914B, 134; Van Doren v. Pennsylvania R. Co., 3 Cir., 93 F. 260; Williams v. William B. Scaife & Sons Co., D.C., 227 F. 922;

Quaker City Cab Co. v. Fixter, 3 Cir., 4 F. 2d 327; Weldon v. United States, 1 Cir., 65 F.2d 748.

The demurrer is sustained with judgment of respondeat ouster.