FIRST CATHOLIC SLOVAK UNION OF THE UNITED STATES OF AMERICA v. AMERICAN SURETY CO. OF NEW YORK.

No. 2899.

District Court, M. D. Pennsylvania.

Aug. 10, 1938.

Peter P. Jurchak, of Wilkes-Barre, Pa., for plaintiff.

M. J. Martin, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

The question presented is raised by a petition and rule to show cause why plaintiff's amended statement of claim should not be stricken from the record.

The action is assumpsit upon a surety bond issued by the defendant to protect plaintiff's deposit in the Miners Savings Bank and Trust Company of Olyphant. Plaintiff in the original statement alleged a default of the bank in refusing to pay the deposit in question on demand. The original statement did not, however, set out the exact nature of the deposit. The allegations of the amended statement are substantially the same as those of the original statement, except that in the amended statement it is alleged that the deposit was special, and "payable upon legal demand without any previous notice of withdrawal of said deposit or any part thereof."

The case has been tried upon two occasions before the court and jury and verdicts rendered for the plaintiff. New trials were granted.

The bond upon which the action is based provides that "the time within which an action may be commenced upon the said bond is extended to November 1, 1932." The amended statement was filed on February 20, 1937. The defendant's contention is that the amended statement sets forth a new cause of action and is therefore barred under the above provision.

Thus, the question presented is whether a new cause of action is introduced which will require the statement to be stricken from the record.

The amendment in question does not set forth a new cause of action, it merely remedies a defect in the former statement and amplifies the alleged cause expressed in it. Recovery on the amended statement would bar recovery on the original statement, inasmuch as the parties, the contract sued upon, and the measure of damages are the same in both instances. Under these circumstances, the plaintiff's action should not be defeated by a technical definition of the phrase "a new cause of action" as used here. New York Cent. & Hudson River Ry. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; Rooney v. Maczko, 315 Pa. 113, 172 A. 151.

And now, August 10, 1938, it is ordered that the petition to strike off the amended statement of claim is dismissed and the rule granted thereon discharged. The amendment is allowed, and the defendant is given 15 days within which to file an affidavit of defense to the amended statement of claim.