## ECHEVARRIA v. TEXAS CO.
### No. 3.

District Court, D. Delaware.

Feb. 17, 1940.

John W. Huxley, Jr., of Wilmington, Del., for plaintiff.

James R. Morford (of Marvel & Morford), of Wilmington, Del., for defendant.

NIELDS, District Judge.

Motions (1) for summary judgment under Rule 56(b), 28 U.S.C.A. following section 723c; and (2) for judgment on the pleadings under Rule 12(c). A consideration of these motions involves a review of the record of the case.

October 10, 1931, Teodoro Echevarria was employed by defendant in the capacity of oiler as a member of the crew of the motor vessel Texaco #145. On that day while the motor vessel was at sea Echevarria was asphyxiated by exposure to gas fumes while engaged in the performance of duties assigned to him and died almost immediately without leaving a will. September 6, 1933, Estebania Echevarria, mother of Teodoro, was appointed administratrix of his estate by the judge of the district court of the judicial district of San Juan, Puerto Rico. October 4, 1933, Estebania Echevarria, as such administratrix, brought this action under the Seamen's Act of March 4, 1915, § 20 as amended, 46 U.S.C.A. § 688, for the recovery of damages occasioned by the death of Teodoro for the benefit of his widow and minor children. To the declaration defendant filed certain pleas. The 4th plea alleged: "And the said defendant further says that the said Teodoro Echevarria at the time of his death had his residence in Guayanilla in the district of Ponce, Puerto Rico, and that he did not have the greater part of his property, or any part thereof, in the district of San Juan, by reason whereof the said District Court of the Judicial District of San Juan was without jurisdiction to grant letters of administration to the plaintiff in this cause, and the same are null, void, and of no effect; * * *."

The 5th plea alleged: "And the said defendant further says that the said Estebania Echevarria is the mother of the said Teodoro Echevarria, and that the said Teodoro Echevarria left him surviving one Victoria Echevarria, widow, Lydia Echevarria, Alicia Echevarria and Dora Echevarria, dependent minor children, the said widow and children being the only heirs at law of the said Teodoro Echevarria, and the said Estebania Echevarria, mother, having under the laws of Puerto Rico no claim or interest as heir at law or otherwise in the estate of the said Teodoro Echevarria; that by reason of the foregoing, the said District Court of the Judicial District of San Juan was without jurisdiction to grant letters of administration to the said Estebania Echevarria, the mother of the said Teodoro Echevarria, and the said letters of administration so granted are null, void, and of no effect; * * *."

On plaintiff's motion to strike the above pleas this court said: "The 4th and 5th pleas tender sound defenses to plaintiff's action. If the court of the judicial district of San Juan in Puerto Rico did not have jurisdiction over the last residence of the decedent or of the place where the greater part of his property was situated that court would not have power to grant letters of administration to Estebania Echevarria, the plaintiff. Also, if Estebania Echevarria was the mother of the decedent and was not a proper party to administer his estate she is without power to sue in this court. It is alleged in the pleas that the decedent at the time of his death was a resident of the District of Ponce, Puerto Rico; that he did not have any property in the District of San Juan and that plaintiff's petition for letters of administration in the District of San Juan was an application to a court which had no jurisdiction over the decedent's estate. These pleas state facts showing that the District Court of the judicial district of San Juan was without jurisdiction to grant the letters of administration to plaintiff."

The allegations of fact in said pleas are established by the record of the probate courts in San Juan and Ponce, a duly authenticated copy of which record is filed in this case.

With the idea of avoiding the effect of the court's ruling plaintiff renewed her application in the probate court of Puerto Rico. This will appear from the duly authenticated copy of the proceedings in the district courts of San Juan and Ponce. That record discloses that on July 13, 1937 Estebania Echevarria made a motion in the district court of San Juan for a transfer of the proceedings to the district court of Ponce "in order that this case may pro-

ceed there and that an order of the said court may be obtained, naming the petitioner judicial administratrix of the property of Teodoro Echevarria nunc pro tunc from September 3, 1933, date on which this honorable court named said petitioner judicial administratrix". Thereupon an order was entered in the district court of San Juan transferring the proceeding to the court of the district of Ponce "in order that there it may be transacted in accordance with the law, nunc pro tunc, from September 3, 1933, or whatever date on which this honorable court named the said Estebania Echevarria judicial administratrix". Pursuant to that order the proceedings were transferred to the district of Ponce. April 14, 1938 the district court of Ponce rendered a decision to the effect that "the court takes action to name Mrs. Estebania Echevarria Judicial Administratrix of the property of Teodoro Echevarria upon the posting of a hundred dollar bond." Thereupon the administratrix filed a bond and qualified in the district of Ponce.

May 13, 1938 this plaintiff moved to amend said decision, concluding with the words: "Therefore, the petitioner begs this Honorable Court that it amend its decision of April 14, 1938 directing a decision of a nunc pro tunc character confirming the said acts." May 17, 1938 the district court of Ponce handed down its amended decision stating, inter alia: "Inasmuch as the former decision of this Court is amended appointing Estebania Echevarria Judicial Administratrix of the property of Teodoro Echevarria, this decision having effect nunc pro tunc for validating the acts which have been carried to a finish for reclaiming reimbursement for the death of Teodoro Echevarria in virtue of the said cause of action, previa the presentation of a $100 bond."

It appears from the foregoing that there was nothing before the district court of Ponce until the filing of the original petition on September 10, 1937. It was not until April 14, 1938 that the district court of Ponce appointed Estebania Echevarria administratrix. No provision was made in this order of appointment for a nunc pro tunc effect to such appointment. May 17, 1938, a nunc pro tunc appointment was made.

July 14, 1938 plaintiff filed her amended declaration containing four counts. She concluded each count with the words "And the said Estebania Echevarria, Administratrix as aforesaid brings into court here letters of administration to her granted by the District Court of the Judicial District of Ponce * * *." In this declaration she repeated the allegations of negligence on the part of the defendant contained in the original declaration and sought to recover for the death of her son under the same act of Congress set up in the original declaration.

Defendant filed its answer to this amended declaration alleging, inter alia, that "the plaintiff ought not to have or maintain her aforesaid action because a statute of the United States, the same being Section 56 of Title 45 U.S.C.A. (36 Stat. 291), provides in part as follows: 'No action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued.'"

There is thus presented the effect of the nunc pro tunc order. Under the circumstances of this case above recited it is perfectly clear that the nunc pro tunc order is ineffective and invalid. The Supreme Court has declared: "But no decree nunc pro tunc was admissible. Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court; or a decree in a cause which is under advisement when the death of a party occurs. Mitchell v. Overman, 103 U.S. 62, 26 L.Ed. 369. There is no claim that a final decree in pursuance of the allegations of the bill had ever been directed, and, through inadvertence of either court or counsel, omitted from entry. There was therefore no authority for a decree nunc pro tunc upon any known ground of equity procedure." Cuebas v. Cuebas, 223 U.S. 376, 390, 32 S.Ct. 277, 281, 56 L. Ed. 476.

The status of the plaintiff is based upon the nunc pro tunc order. That order is found by this court to be ineffective and accordingly there is no proper plaintiff before the court.

The motion for summary judgment will be granted unless the plaintiff shall move to amend the complaint by substituting as party plaintiff the personal representative of Teodoro Echevarria by appointment of the district court for the judicial district of Ponce (the district of the residence of

Teodoro), the appointee to be a person eligible under the laws of Puerto Rico for appointment as administrator or administratrix by the district court of the judicial district of Ponce.

Such an application if made will be granted· upon the authority of the cases cited in Jacobs v. Pennsylvania Railroad Co., 31 F.Supp. 595, where this court said:

"Plaintiff, however, should be accorded an opportunity to amend if he should so elect by substituting the parents of the decedent as parties plaintiff notwithstanding the statute of limitations of both Pennsylvania and Delaware may have run.

"Whether amendments are to be allowed or refused is almost wholly within the discretion of the court. Modern authorities favor allowing amendments to prevent failure of justice, especially where the statute of limitations has run.

"The suggested amendment would not set up a new cause of action or change the legal theory of recovery in any particular. The defendant already has notice of all the pertinent facts as stated in the original declaration. Substituting both parents as parties plaintiff prevents a failure of justice and imposes no hardship upon defendant. This sensible solution of a question of pleading is supported by the later authorities. New York Cent. & H. R. R. v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 67 L.Ed. 294; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 68, 53 S.Ct. 278, 77 L.Ed. 619; Missouri, Kansas & Texas Ry. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, Ann.Cas.1914B, 134; Van Doren v. Pennsylvania R. Co., 3 Cir., 93 F. 260;· Williams v. William B. Scaife & Sons Co., D.C., 227 F. 922; Quaker City Cab Co. v. Fixter, 3 Cir., 4 F.2d 327; Weldon v. United States, 1 Cir., 65 F.2d 748."

In New York Cent. & H. R. R. Co. v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294, Mr. Justice Holmes said: "* * * when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that·a liberal rule should be applied."

The motion for judgment on the pleadings will be denied.