**REJSENHOFF v. COLONIAL NAV. CO.**

District Court, S. D. New York.
Aug. 1, 1940.

578

Edward Kuntz, of New York City, for plaintiff.

Hatch & Wolfe, of New York City (Eli Ellis, of New York City, of counsel), for defendant.

CLANCY, District Judge.

The complaint alleges that plaintiff's intestate was a seaman who died as a result of injury sustained in the course of his employment, whether or not in New York State does not appear. He left surviving the plaintiff, his wife, who was appointed administratrix of his estate by the Superior Court of California, and three children. The complaint was served on January 30, 1940. Service of the answer was delayed until June 21, 1940, when the statutory limitations upon institution of a new suit had expired. It set up as a separate defense, plaintiff's incapacity to sue for her failure to obtain letters of ancillary administration in this State. Plaintiff thereupon moved to strike out this defense and defendant moves for judgment on the pleadings.

■ The incapacity of the plaintiff, a California administratrix, without ancillary letters in New York, to sue in this court unless the cause of action arose in this State, appears in Diatel v. Gleason, D. C., 22 F.Supp. 355. New York does not permit foreign administrators to sue for damages for injuries suffered elsewhere and her law determines the capacity of the plaintiff in this court. Rule 17(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This rule has been literally

sustained in this District. Bicknell v. Lloyd-Smith, 2 Cir., 109 F.2d 527; Sherwood v. United States, 2 Cir., 112 F.2d 587, June 3, 1940.

The cause of action pleaded in the complaint is that created by the Jones Act, 46 U.S.C.A. § 688, which vests the right created in the decedent's personal representative. Plaintiff seems to believe that because California declared her to be the decedent's administratrix, that this compels this court to grant her suit a hearing. This is not so. The creation of a cause of action by federal statute does not give the one claiming to own it an indefeasible right to a hearing in the state court. The state court may not discriminate between the proper owner of such right and other litigants in like position. Mondou v. New York, N. H. & H. R. R. Co., 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.,N.S., 44. The Supreme Court there declared that the Railway Employees' Act, 45 U.S.C.A. § 51 et seq., which is appropriated by the statute we are discussing, involved no attempt by Congress to enlarge or regulate the jurisdiction of state courts, or to control or affect their modes of procedure. So in Murnan v. Wabash Ry. Co., 246 N.Y. 244, 158 N.E. 508, 54 A.L.R. 1522, the Court of Appeals sustained the discretion of the state courts in accepting for trial or rejecting a wholly foreign cause of action. New York does not discriminate against holders of federal causes of action when it declines to hear a foreign administrator prosecuting a claim under the Jones Act; it refuses to hear any foreign causes presented by foreign administrators (Helme v. Buckelew, 229 N.Y. 363, 128 N.E. 216) in the absence of its own statute authorizing them to act. Its right to do so is recognized. Noonan v. Bradley, 76 U.S. 394, 9 Wall. 394, 19 L.Ed. 757. The regulation of its courts' jurisdiction is wholly a matter for the State. We hold, therefore, that the state court would not hear this plaintiff's suit unless her cause of action arose in New York and in that case we may not either under the rule.

We will dismiss the complaint as it stands with leave to amend within thirty days. Within that time plaintiff may discover facts that will permit an allegation that plaintiff's intestate suffered his fatal injury in New York. Otherwise, she may equip herself with ancillary letters and allege that fact. Plaintiff's qualification for ancillary administration here will work no change in the cause of action and the statute of limitations will not apply. Rule 15(c). Missouri, K. & T. R. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, Ann.Cas.1914B, 134; United States v. Powell, 4 Cir., 93 F.2d 788; Jacobs v. Pennsylvania R. R. Co., D.C., 31 F.Supp. 595; New York Central & H. R. R. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294; Johnson v. Phoenix Bridge Co., 197 N.Y. 316, 90 N.E. 953.