JAMES G. LEIPER, JR., Trading under the Name of LINTER SUPPLY COMPANY, Appellant, *v.* MANHATTAN BATTING & FELTING CO., INC., Respondent.

First Department, January 25, 1946.

*Louis J. Schwartz* of counsel (*Louis Feuerman,* attorney), for appellant.

*Joseph Rasch* for respondent.

*Per Curiam.* The first cause of action in plaintiff's complaint has been dismissed on the ground that it is barred by the Statute of Limitations. The basis of this decision was a finding by Special Term that the amended pleading involves a new and different cause of action from that pleaded in the original complaint. In both pleadings the matter complained of was the refusal to accept one hundred bales of material known as China Fly. Attached to the original complaint was a sales contract known as No. 1079, calling for the delivery of 100 bales of said material, which was said to have been breached.

It appears from the amended complaint that sales contract No. 1079 had been modified and that, as corrected, it called for the delivery of 300 bales of said material, 200 of which were accepted and the remaining 100 rejected.

The leading case of *Harriss* v. *Tams* (258 N. Y. 229, 242) quoted with approval a statement found in *N. Y. Cent. R. R.* v. *Kinney* (260 U. S. 340, 346) reading as follows: '' Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the Statute of Limitations do not exist, and we are of opinion that a liberal rule should be applied.''

Under the present circumstances we deem that the first complaint gave notice that plaintiff was attempting to enforce a claim because of the same specified conduct complained of in the second pleading, to wit, the rejection of 100 bales of China Fly, and that under the circumstances the cause of action set forth in the new pleading was not barred by the Statute of Limitations.

The order should be reversed, with $20 costs and disbursements to the appellant, and the motion denied, with leave to the defendant to answer within ten days after service of order with notice of entry on payment of said costs.

MARTIN, P. J., GLENNON, DORE, CALLAHAN and PECK, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied, with leave to the defendant to answer within ten days after service of the order with notice of entry upon payment of said costs.