## FIERSTEIN v. PIPER AIRCRAFT CORPORATION et al.

### Civ. A. No. 2974.

District Court, M. D. Pennsylvania.
Sept. 1, 1948.

Richard B. Sheridan and John C. Phillips, both of Wilkes Barre, Pa., for plaintiff.

Walter W. Harris, of O'Malley, Harris, Harris & Warren, all of Scranton, Pa., for defendants.

WATSON, District Judge.

The Plaintiff in her complaint alleges that on August 17, 1946, at the Chemung County Airport, Elmira, New York, a collision of a Piper Super Cruiser and a Navy Glider, caused by the negligence of an employee agent and servant of the Piper Aircraft Corporation, resulted in the death of Stanley C. Fierstein. Plaintiff's claim for relief is based on the New York Decedent Estate Law, Consol.Laws, c. 13, Art. 5, Sec. 130:

"The executor or administrator duly appointed in this state, or in any other state, territory or district of the United States, or in any foreign country, of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which,

would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. Such an action must be commenced within two years after the decedent's death."

Plaintiff has moved to amend the caption of the summons and complaint so that same will read, "Lee Fierstein, as Executrix of the Last Will and Testament of Stanley Charles Fierstein, A Citizen and Resident of the State of Texas" instead of "Lee Fierstein, A Citizen and Resident of the State of Texas", and to amend Paragraphs Sixteen and Twelve of the Complaint to describe the Plaintiff as "executrix of the last will and testament of the deceased". The Defendants oppose the motion on the ground that the amendments will create a new cause of action and add a new party to the record as plaintiff after the expiration of the Statute of Limitations.

■ The Pennsylvania Statute, Act of 1855, P.L. 309, 12 P.S. § 1603, granting a right of action for wrongful or negligent death, fixes the time for the institution of such action within one year after the decedent's death. The Pennsylvania Statute applies as to the time for the institution of this action, and the motion to amend, filed July 19, 1948, came after the expiration of the statutory period, and there arises the question whether or not such amendments introduce a new cause of action.

■ Leave of the Court to amend pleadings "shall be freely given when justice so requires", Federal Rules of Civil Procedure, rule 15(a), 28 U.S.C.A. following section 723(c). Also the Court shall "at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its discretion and by its rules, prescribe" 28 U.S.C.A. § 777, R.S. § 954. Under these rules, it is permissible to change by amendment the character and capacity in which a party sues where a new cause of action is not introduced. Gibbs v. Emerson Electric Mfg. Co., D.C. W.D.Mo., 31 F.Supp. 983; Brown v. New York Life Ins. Co., D.C.N.J., 32 F.Supp. 443; Hartmann v. Time, Inc., D.C., E.D. Pa., 64 F.Supp. 671; 47 C.J. 243, Section

471. Furthermore, the spirit of all the Federal Rules of Civil Procedure is to settle controversies upon their merits rather than to dismiss actions on technical grounds, to permit amendments liberally, and to avoid if possible depriving a litigant of a chance to bring his case to trial. Wilson v. Lamberton, 3 Cir., 102 F.2d 506; Moore v. Illinois Central R. R. Co., D.C.S. D.Miss., 24 F.Supp. 731; Kuenzel v. Universal Carloading & Distributing Co. Inc., D.C.E.D.Pa. 29 F.Supp. 407.

■ It is of paramount importance to consider whether the allowance or denial of an amendment would or would not work any injustice on any of the parties. Overfield v. Pennroad Corp., D.C., E.D.Pa., 39 F.Supp. 482.

Before the present Federal Rules of Civil Procedure the denial of a motion similar to the present one by the District Court for the District of New Jersey was reversed by the Circuit Court of Appeals, Third Circuit, in Van Doren v. Pennsylvania R. R. Co., 3 Cir., 93 F. 260, 267. In that case, action for damages for the death of Henry Van Doren was brought by Laura Van Doren in her capacity as administratrix. She was both widow of the deceased and administratrix of his estate. Assuming that the Pennsylvania and not the New Jersey Wrongful Death Statute, applied, the Plaintiff asked to amend and change her capacity to widow. This request by the Plaintiff was denied by the District Court. The Circuit Court of Appeals in the opinion, said inter alia, "There is abundant authority to the effect that under a general power to allow amendments necessary for the determination of the real question in controversy between the parties, an amendment touching the capacity in which the plaintiff sues or declares should, when properly applied for, be permitted where substantial justice requires it. * * * Substantial justice requires that such an amendment should be allowed, as a second suit for damages for the death of Henry Van Doren would be barred by the one year limitation in the Pennsylvania statute." In Jacobs v. Pennsylvania R. R. Co., D.C.Del., 31 F.Supp. 595, 596, the father of the deceased brought suit in his capacity as administrator of

the deceased's estate. After both the Delaware and Pennsylvania Statutes of Limitations had expired, the Plaintiff was permitted to amend substituting the parents as plaintiffs, as required by the Pennsylvania Statute. In allowing the amendment the Court said, inter alia, "Modern authorities favor allowing amendments to prevent failure of justice, especially where the statute of limitations has run. The suggested amendment would not set up a new cause of action or change the legal theory of recovery in any particular. The defendant already has notice of all the pertinent facts as stated in the original declaration."

In the present proceeding, the Defendants largely rely on that which was held in Rosenzweig, Administratrix v. Heller, 302 Pa. 279, 153 A. 346. In that case, the widow of the deceased instituted an action in the Pennsylvania Courts in her capacity as widow seeking damages for the death of her husband, who was killed in an accident in the State of New Jersey. After the one year Pennsylvania Statute of Limitations had expired the Plaintiff asked for an amendment substituting her name as administratrix ad prosequendum, as required by the New Jersey Statute. The Lower Court allowed the amendment, but the Pennsylvania Supreme Court reversed on the ground that the amendment would introduce a new cause of action after the expiration of the statutory period of one year. The Rosenzweig Case is clearly distinguishable from the present one. The Rosenzweig Case was commenced by the issuing and service of a summons only which informed the Defendant of the capacity of the Plaintiff only as it appeared in the caption. The present action was commenced by filing a complaint, a copy of which was served on the Defendants together with a summons. Although the caption of the summons and of the Complaint refer to the Plaintiff as an individual, the first paragraph of the Complaint reads as follows:

"That prior to the institution of this action, the plaintiff Lee Fierstein, was duly appointed the Executrix of the Last Will and Testament of Stanley C. Fierstein, deceased, by the County Court of the County of Harris, state of Texas, * * *"

In the present action the Defendants had notice, from the beginning, of the legal theory of recovery, and that the Plaintiff is executrix under the Last Will and Testament of the deceased, which notice was entirely lacking in the Rosenzweig case.

In New York Central & Hudson River R. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 123, 67 L.Ed. 294, Justice Holmes, speaking for the Supreme Court, said, inter alia, " * * * when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of the opinion that a liberal rule should be applied."

This same distinguishing feature was stressed by the Circuit Court of Appeals, Third Circuit, in Quaker City Cab Co. v. Fixter, 4 F.2d 327, 328, where the plaintiff, who was both widow of the deceased and administratrix of the deceased's estate, instituted an action in her capacity as administratrix, seeking recovery under the Pennsylvania wrongful Death Statute. However, her statement of claim (complaint) did declare that she was the widow of the deceased and was entitled to recover damages as his widow. The District Court, after the Pennsylvania Statute of Limitations had expired, permitted an amendment substituting the widow for the administratrix. The Circuit Court of Appeals, in affirming the order of the District Court, said, inter alia, "It abundantly appeared in the statement of claim (complaint) that the plaintiff was widow, as well as administratrix, and we think that the amendment was one of form and not of substance, and in such case an amendment may be made under sections 948 and 954 of the Revised Statutes of the United States [28 U.S.C.A. §§ 767, 777]. Federal courts are very liberal in allowing amendments to prevent a miscarriage of justice."

In view of these decisions and of the essential differences between the Rosenzweig case and the present one, it is plain that the Rosenzweig case is not controlling here.

220

■ The rule applied by the Federal Courts is that an amendment changing the capacity in which Plaintiff sues does not change the cause of action so as to let in the defense of limitations. Missouri, K. & T. R. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355; Quaker City Cab Co. v. Fixter, 3 Cir., 4 F.2d 327; Weldon v. United States, 1 Cir., 65 F.2d 748; Lopez v. United States, 4 Cir., 82 F.2d 982; United States v. Powell, 4 Cir., 93 F.2d 788; Bixler v. Pennsylvania R. Co., D.C. M.D.Pa., 201 F. 553.

Liberal interpretations of the Federal Rules of Civil Procedure, the trend of Federal Courts to treat amendments similar to those sought by the present motion as not instituting a new cause of action, and the requirements of substantial justice all support Plaintiff's motion to amend.

■ The Plaintiff should be given an opportunity, in accordance with the prayer of her motion, to amend the caption of the summons and Complaint and paragraphs sixteen and twelve of the Complaint.

An appropriate order has heretofore been filed by this Court.