Hillsborough,
No. 4362.

WALTER SCHINDLER, *Adm'r v.* NASHUA BUILDING TRUST CO., INC.

Argued November 4, 1954.

Decided November 30, 1954.

*Craig & Craig* (*Mr. William H. Craig, Jr.* orally), for the plaintiff.

*Sheehan, Phinney & Bass* and *Mr. Joseph F. Devan* (*Mr. Devan* orally), for the defendant.

BLANDIN, J. The sole question we are asked to decide is "whether the trial court has discretion to grant the plaintiff's motion to amend the writ" by substituting "the Administrator of the estate of Augusta Schindler" for "the Administrator of the estate of Richard F. Schindler." The answer depends on whether suit was brought to recover for the death of Augusta under R. L., *c.* 355, *s.* 11, within the two year limitation period therein prescribed. To determine this it is necessary to examine the writ brought by Walter Schindler, administrator of the estate of Richard against the defendant. The declaration sets forth that Augusta slipped on ice and snow in the parking lot owned by the defendant, fell to the ground, and "suffered severe physical pain and mental anguish, fatal injuries and the plaintiff was put to considerable expense for medical, hospital and funeral expenses." It is apparent that the plaintiff was claiming damages for the death of Augusta as set forth in R. L., *c.* 355, *s.* 12, which defines the elements of damage in such cases as follows:

"the mental and physical pain suffered by [her] in consequence of the injury, the reasonable expenses occasioned to [her] estate by the injury, the probable duration of [her] life but for the injury, and [her] capacity to earn money," together with other elements allowed by law which include burial expenses. *Baker* v. *Salvation Army,* 91 N. H. 1, 5. See also, *Burke* v. *Burnham,* 97 N. H. 203, and authorities cited. That the parties so understood the situation appears from the depositions in behalf of the tea company and the Nashua company taken February 27, 1952, which are entitled "Walter Schindler, Administrator of the Estate of Augusta Schindler v. Great Atlantic & Pacific Tea Company" and "Walter Schindler, Administrator of the Estate of Augusta Schindler v. Nashua Building Trust Company, Inc." The caption recites that the depositions were taken by agreement "at the request of the Defendants." Counsel for the defendant Nashua company appeared and seems to have been under no misapprehension as to the nature of the claim as shown by the questions he asked the administrator. These interrogatories concerned the pain and suffering of Augusta, and also bore on her health and the probable duration of her life. Since the expenses occasioned her estate by the accident had already been thoroughly covered by counsel for the tea company, it is apparent that the questions on behalf of the present defendant were directed at ascertaining the damages in an action for death under s. 12, *supra,* rather than for the loss of consortium, where the principal elements of damage are for loss of services, society, comfort and marital rights. *Guevin* v. *Railway,* 78 N. H. 289, 292, 294.

Although the writ was wrongly entitled and the declaration not as specific as might be desired, yet the substance and not the form is decisive (*Mo., Kans. & Tex. Ry.* v. *Wulf,* 226 U. S. 570; see also, *Ricker* v. *Mathews,* 94 N. H. 313, 318), and we believe that reasonably interpreted in the light of the circumstances, it was an action for damages for death under *c.* 355, *s.* 12, brought within the two year limitation prescribed by *s.* 11. This being so, the Trial Court is advised that it has discretion to grant the plaintiff's motion to amend the writ on a proper showing of error, mistake or injustice.

*Remanded.*

All concurred.